**Millard VAUGHN and Barbara Vaughn, Petitioners,**

v.

**Paul DRENNON and Mary Drennon, Respondents.**

No. 10–0226.

Supreme Court of Texas.

Oct. 22, 2010.

Darrin M. Walker, Kingwood, TX, Robert Thomas Cain Jr., Clayton E. Dark Jr., Attorney at law, Lufkin, TX, for Petitioners.

John H. Seale, Seale Stover & Bisbey, Jasper, TX, for Respondents.

PER CURIAM.

■ In this dispute between neighbors, we must decide whether the trial court's judgment issued after a conventional trial on the merits was final for purposes of appeal. We conclude that it was. The Drennons' grandchildren were joined as parties due to their shared interest in the subject property, but no claims against the grandchildren were addressed at trial nor were any jury questions submitted on the grandchildren. The grandchildren were not mentioned in the trial court's judgment, and this raised finality concerns in the court of appeals. Under the *Aldridge* presumption, any judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal. *See Ne. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966). A judgment following a conventional trial on the merits need not dispose of every party and claim for the *Aldridge* presumption of finality to apply. *See id.* at 895, 897–98. Accordingly, we conclude that the *Aldridge* presumption applied in this case, and it was error for the court of appeals to dismiss the appeal for want of jurisdiction.

Millard and Barbara Vaughn and Paul and Mary Drennon had repeated disputes about water drainage off the Vaughns' property. The Vaughns sued the Drennons for blocking and diverting the natural flow of water off the Vaughn property with a concrete fence, also alleging trespass and intentional infliction of emotional distress. The Drennons filed a separate lawsuit against the Vaughns for intentional infliction of emotional distress, and the trial court consolidated the two cases.

The Vaughns' first amended petition added the Drennons' grandchildren, Chase Atwood and Taylor Atwood, as defendants, because the Drennons had executed a deed in favor of the Atwoods. The Drennons' attorney then filed a general denial on behalf of the Atwoods. At trial, the Drennons stipulated that there had been a deed reserving a life estate in the Drennons. The Vaughns proceeded with their claims against the Drennons only, based on their understanding that the Drennons remained in sole possession of the property throughout the duration of the events giving rise to the suit. The Vaughns did not pursue any claims against the Atwoods at trial, and they did not request the submission of any jury questions regarding the Atwoods, nor were any given.

The jury found that the Drennons' fence and diversion of the natural flow of water caused $4,000 in damages to the Vaughns' property, and that Paul Drennon's intentional infliction of emotional distress had caused Millard Vaughn $25,000 in damages, but the jury awarded no damages for trespass. The jury also awarded each of the Drennons $25,000 for their emotional distress. The trial court, in its judgment, disregarded the jury's findings regarding the diversion of the natural flow of water, offset Millard Vaughn's and Paul Drennon's emotional distress damages, and awarded Mary Drennon $25,000. The judgment made no mention of the Atwoods.

The Vaughns appealed, and from the outset the court of appeals expressed concern about whether the trial court's judgment was final. The court requested that the Vaughns produce evidence of jurisdiction before full briefing, which they did, and the court of appeals then notified both parties in a letter that, in its opinion, the Vaughns had established jurisdiction. Nevertheless, the question of finality and jurisdiction was again raised at oral argument. The Vaughns argued in a post-submission letter that the *Aldridge* presumption applied to the trial court's judgment following a conventional trial on the merits and that, in the alternative, the court of appeals should abate the appeal to allow the trial court to clarify the judgment's finality or to issue a more definitive judgment. Instead, the court of appeals denied the request for abatement and dismissed the appeal for want of jurisdiction. 324 S.W.3d 617, 618 (Tex.App.-Tyler 2009) (mem.op.).

This is exactly the kind of delay in the appellate process that this Court has sought to avoid in continuously enforcing the *Aldridge* presumption. *See Aldridge,* 400 S.W.2d at 895 ("[A]ll too often judgments which were obviously *intended* to be final were being held interlocutory because of careless draftsmanship. The rule had to be changed to accommodate oversight or carelessness."). We have long recognized a presumption of finality for judgments that follow a conventional trial on the merits. *Moritz v. Preiss,* 121 S.W.3d 715, 718–19 (Tex.2003); *see Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001) ("[W]e have tried to ensure that the right to appeal is not lost by an overly technical application of the law. . . . Simplicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal."); *Aldridge,* 400 S.W.2d at 897–98. As a general rule, "an appeal may be taken only from a final judgment." *Lehmann,* 39 S.W.3d at 195. But a trial court's judgment need not expressly dispose of all issues and claims in order to be final. *See Aldridge,* 400 S.W.2d at 897–98. In *Aldridge,* we held that:

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a

conventional trial on the merits, no order for a separate trial of issues having been entered . . . it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.

*Id.* This presumption arose out of our concern that too often the right to appeal was abridged by judgments that were drafted poorly or were unclear. *See id.* at 895. Therefore, unless a trial court orders a separate trial to resolve a specific issue, there is a presumption that the trial court's judgment disposes of all claims and issues in the case. *See id.* at 897–98. If there is any doubt as to the judgment's finality, then "[f]inality must be resolved by a determination of the intention of the court [as] gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Lehmann,* 39 S.W.3d at 203 (internal quotation marks omitted). Here, the parties and trial court clearly treated this judgment as final. When the Vaughns did not receive notice of the signed judgment, they filed a motion to extend the period for filing a motion for new trial and notice of appeal under Texas Rule of Civil Procedure 306a(4), which the trial court granted. Such a motion would not be necessary, nor would it be granted, were the judgment not believed to be final by both the Vaughns and the trial court. *See* Tex.R. Civ. P. 306a(3)-(4). In addition, when the court of appeals raised concerns as to the judgment's finality, neither party contended that the trial court's judgment was not final.

A judgment need not address every party and claim for it to be a final judgment for purposes of appeal. *See Moritz,* 121 S.W.3d at 719. In *Moritz v. Preiss,* we held that even though the plaintiff sued four parties for medical malpractice but only submitted jury questions as to three,

this did not prevent the judgment from being final for purposes of appeal. *Id.* ("[T]here is nothing to indicate that the trial court did not intend to finally dispose of the entire case."). Similarly, in *John v. Marshall Health Services, Inc.,* 58 S.W.3d 738, 740 (Tex.2001) (per curiam), we held that even though a judgment failed to mention three defendants who had settled, the finality presumption applied to all parties. There is no reason in this case to deviate from our well-established precedent.

While the court of appeals recognized that the starting point in this case was the *Aldridge* presumption, the court looked to our recent decision in *Crites v. Collins,* 284 S.W.3d 839, 841 (Tex.2009) (per curiam), to rebut the presumption. 324 S.W.3d at 618. Unlike the instant case, however, our decision in *Crites* dealt with a judgment issued without a conventional trial on the merits, and thus the *Aldridge* presumption did not apply. *Crites,* 284 S.W.3d at 840 ("[W]hen there has been no traditional trial on the merits, no presumption arises regarding the finality of a judgment."). The court of appeals interpreted *Crites* as requiring that the judgment "unequivocally express an intent to dispose of all claims and all parties . . . either explicitly or implicitly." 324 S.W.3d at 619. That reasoning was in error. Nothing in *Crites* suggests that the requirement for such express language addressing every claim and party should apply to a judgment that follows a conventional trial on the merits, such as the one issued in this case. *See Crites,* 284 S.W.3d at 840–41. The court of appeals erred in holding that the trial court's judgment was anything but a final appealable judgment.

Because the trial court's judgment after a conventional trial on the merits was final for purposes of appeal, we reverse the

court of appeals' judgment dismissing for want of jurisdiction and remand the case to the court of appeals to determine the merits of the Vaughns' appeal.