NUMBER 13-14-00093-CV



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**HALLMARK MARKETING COMPANY, LLC,** **Appellant,**

**v.**

**SUSAN COMBS, COMPTROLLER OF PUBLIC
ACCOUNTS OF THE STATE OF TEXAS; AND
GREG ABBOTT, ATTORNEY GENERAL
OF THE STATE OF TEXAS,** **Appellees.**

---

**On appeal from the 126th District Court
of Travis County, Texas.**

---

# ORDER

**Before Justices Rodriguez, Garza and Benavides
Order Per Curiam**

Appellant, Hallmark Marketing Company, LLC, has attempted to appeal the trial court's December 4, 2013 order granting a "First Amended Traditional and No-Evidence Cross-Motion for Partial Summary Judgment" filed by appellees, Susan Combs,

Comptroller of Public Accounts of the State of Texas, and Greg Abbott, Attorney General of the State of Texas.

Unless an interlocutory appeal is authorized by statute, an appeal may only be taken from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* "There is no presumption in a partial summary judgment proceeding that the judgment was intended to dispose of all parties and issues." *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *cf. Vaughn v. Drennon*, 324 S.W.3d 560, 561 (Tex. 2010) (noting that "any judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal").

The order on appeal in this case granted appellees' pretrial motion for partial summary judgment and denied appellant's motion for partial summary judgment. It did not state, clearly or otherwise, that it disposed of all claims and parties or that it was final for purposes of appeal. Moreover, no interlocutory appeal is permitted by statute. Under these circumstances, we may abate the appeal to permit clarification by the trial court. *See* TEX. R. APP. P. 27.2, 44.3, 44.4; *Lehmann*, 39 S.W.3d at 206.

Accordingly, we hereby ABATE the appeal and REMAND the cause to the trial court for clarification. Upon remand, the trial court shall address whether it intended the December 4, 2013 order to completely dispose of all claims and all parties. The trial court shall cause its findings and recommendations, together with any orders it may enter, to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a

2

supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order. The appeal will be reinstated upon receipt of the foregoing materials and upon further order of this Court.

PER CURIAM

Delivered and filed the
6th day of August, 2014.