**REVERSE; RENDER in Part & REMAND in Part; and Opinion Filed July 18, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01017-CV

## PATTEN CUSTOM HOMES, LLC, Appellant
## V.
## ROBERT MAHLIN, ANNE MAHLIN, AND SAMANUM NGERNERD, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-03213-B**

# MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Schenck

Patten Custom Homes, LLC ("PCH") appeals the trial court's take-nothing judgment in its forcible detainer action. We reverse the trial court's judgment and render judgment that PCH is entitled to possession of the property at issue and to reasonable attorney's fees, and we remand to the trial court to determine a reasonable amount of attorney's fees to be awarded to PCH. We issue this memorandum opinion because all issues are well settled in law. TEX. R. APP. P. 47.4.

### FACTUAL AND PROCEDURAL BACKGROUND

Robert Mahlin, Anne Mahlin, and Samanum Ngernerd (collectively, "Occupants") occupied the property at 5223 Richard Avenue in Dallas. PCH sent notices to Occupants to vacate following its purchase of the property. When Occupants failed to do so, PCH filed a forcible-detainer action in a justice court, alleging Robert Mahlin and Ngernerd had executed a

promissory note and deed of trust with Homecomings Financial Network, Inc. and then defaulted on the mortgage. PCH further alleged the property was sold at a March 1, 2016 foreclosure sale pursuant to the mortgage to Catalyst Resource Group, Incorporated ("Catalyst"), which then sold the property to PCH. The justice of the peace awarded possession and $1500 in attorney's fees to PCH.

The Mahlins[1] appealed the justice court's award to the county court at law and filed a plea to the jurisdiction, arguing that the foreclosure sale was ineffective and all subsequent deeds issued pursuant to the sale were void because Robert Mahlin sent letters dated February 29, 2016, to lenders rescinding his mortgage pursuant to the Truth and Lending Act "due to violations of the TILA." The county court at law conducted a bench trial at which the trial judge denied the plea to the jurisdiction and proceeded to hear the case. PCH submitted the following documents as evidence, which were admitted over the Mahlins' objections: (i) notice of substitute trustee sale; (ii) substitute trustee's deed; (iii) warranty deed with vendor's lien; and (iv) notices to vacate addressed to Robert Mahlin, Samanum Ngernerd, Anne Mahlin, and all other occupants. At the Mahlins' request, the trial judge took judicial notice of the pleadings on file with the court. On July 28, 2016, the trial court entered its final judgment, which ordered that PCH take nothing.[2]

---

[1] Samanum Ngernerd did not file anything or appear at the county court at law, nor has this person filed anything on appeal.

[2] We note that the trial court's final judgment does not name any appellee other than Robert Mahlin, is styled as "Patten Custom Homes, LLC, Plaintiff, v. Robert Mahlin & All Other Occupants, Defendants," and states that it is a "final judgment that disposes of all parties and all claims and is now appealable." We presume the judgment is final for appeal purposes and that it did dispose of all parties legally before it and of all issues made by the pleadings between PCH and Robert Mahlin, Anne Mahlin, and Samanum Ngernerd. *See Vaughn v. Drennon*, 324 S.W.3d 560, 562–63 (Tex. 2010) (per curiam).

DISCUSSION

## I.      Standard of Review

In its sole issue, PCH argues legally insufficient evidence supports the trial court's take-nothing judgment.

When, as in this case, a trial court makes no separate findings of fact or conclusions of law, we imply all facts necessary to support the trial court's judgment that are supported by the evidence. *Rossman v. Bishop Colo. Retail Plaza, L.P.*, 455 S.W.3d 797, 808 (Tex. App.—Dallas 2015, pet. denied). We must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *Id.*

A party challenging the legal sufficiency of an adverse finding on an issue on which that party had the burden of proof at trial must demonstrate on appeal that the evidence conclusively established, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In reviewing a matter-of-law challenge, we first examine the record for evidence that supports the adverse finding, while ignoring all evidence to the contrary. *Id.* We indulge every reasonable inference to support the finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 822 (Tex. 2005). If there is no evidence to support the adverse finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem.,* 46 S.W.3d at 241. We sustain the issue only if the contrary proposition is conclusively established. *Id.*

## II.     Applicable Law

A forcible-detainer action is used to determine the superior right to immediate possession of real property where there is no claim of unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315

S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Id.* at 926–27. The only issue in a forcible-detainer action is which party has the right to actual possession of the property. *Id.* at 927.

Forcible detainer may be committed by a tenant at sufferance. TEX. PROP. CODE ANN. §§ 24.002(a)(2) (West 2014). A tenancy at sufferance is created when one wrongfully continues to possess property after his right to possession has ceased. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013). A foreclosure sale transfers title from the debtor to the purchaser and gives that purchaser the right to possession. *See id.* at 918. To remove a tenant by sufferance, the new owner must file a forcible detainer suit. *Id.*

## III.    Application of Law to Facts

We first examine the record for evidence to support the trial court's take-nothing judgment. *See Dow Chem.,* 46 S.W.3d at 241. The trial court took judicial notice of all the pleadings on file, which included the Mahlins' plea to the jurisdiction and attached letters purporting to support the plea to the jurisdiction. The letters were dated February 29, 2016, addressed to OCWEN Loan Servicing, LLC and Power Default Services, Inc.—the loan servicers, according to the substitute trustee's deed—from Robert Mahlin, and provided a legal description of the property. The letters informed the recipients that "the above-captioned homeowner hereby rescinds the above-referenced loan" pursuant to TILA and referenced 15 U.S.C. § 1635(a) and 12 C.F.R. 226.23(b)(5). The Mahlins do not challenge the trial court's denial of their plea to the jurisdiction. Instead they argue the letters by their own force and effect "rendered void any preexisting note and any deed of trust or other security instrument securing such a note" and invalidated any subsequent sale by the substitute trustee. Even assuming these letters could be considered evidence that the foreclosure sale conducted on March 1, 2016, was

improper or invalid, such an argument could not be properly considered in a forcible-detainer action. *See Williams*, 315 S.W.3d at 927 ("Whether the sale of a property under a deed of trust is invalid may not be determined in a forcible detainer but must be brought in a separate suit.").

We conclude none of the foregoing evidence supports the trial court's take-nothing judgment and accordingly examine the entire record to determine if the contrary proposition is established as a matter of law. *See Dow Chem.,* 46 S.W.3d at 241.

The substitute trustee's deed established Catalyst purchased the property at a public auction following Robert Mahlin and Samanum Ngernerd's default on their payments under the promissory note.[3] Thus, Catalyst obtained the right to immediate possession. *See Coinmach*, 417 S.W.3d at 918. The warranty deed with vendor's lien established PCH purchased the property from Catalyst. PCH's attorney testified at trial to mailing the notices to vacate to Occupants and to the services and amount he billed to PCH on this case. Occupants' continued possession of the property following PCH's notices to vacate created a tenancy at sufferance. *See Williams v. Deutsche Bank Nat'l Trust Co.*, 05-11-00434-CV, 2012 WL 1899156, at *2 (Tex. App.—Dallas Apr. 27, 2012, no pet.). The foregoing evidence proves PCH's right to immediate possession of the property as a matter of law. *See id.*; *see also Coinmach*, 417 S.W.3d at 918. Accordingly, we sustain PCH's issue.

### ATTORNEY'S FEES

PCH's prayer requests that this Court reverse the trial court's judgment and render judgment for PCH, including PCH's attorney's fees pursuant to the property code. Section 24.006(a) provides that to be eligible to recover attorney's fees in an eviction suit, a landlord

---

[3] The substitute trustee's deed spells the second owner's name as "Samanun" instead of "Samanum," but there is nothing in the record to suggest these are two different people. Accordingly, for the sake of this opinion, we will spell the name as it appears in the style of the case here and below at the trial court.

must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. PROP. § 24.006(a) (West 2014). The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. *Id.* The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed. *Id.* Further, subsection (b) provides that if the landlord provides the tenant notice under subsection (a), a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant. PROP. § 24.006(b) (West 2014).

The record shows PCH's attorney sent notices to vacate that were in accordance with the conditions set forth in section 24.006(a) of the property code. *See* PROP. § 24.006(a). Further, given our conclusion that PCH established its right to immediate possession as a matter of law, PCH is a prevailing landlord and thus entitled to its attorney's fees. *See id.* § 24.006(b).

As for the amount of the award, PCH provided evidence supporting an amount of $9,890, but the trial court entered a take-nothing judgment. The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for that of the factfinder. *See Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009). Accordingly, we remand the case to the trial court to determine the amount of attorney's fees to be awarded to PCH.

## MOTIONS

PCH filed two motions prior to the submission of this case: (1) Motion for Leave to File Sur-Response to Appellee's Sur-Reply and (2) Motion to Strike Certain Arguments in Appellee's Sur-Reply. We deny both motions.

## CONCLUSION

We reverse the trial court's judgment and render judgment that PCH is entitled to possession of 5223 Richard Avenue, Dallas, Texas 75206, and to reasonable attorney's fees, and we remand to the trial court to determine a reasonable amount of attorney's fees to be awarded to PCH. *See* TEX. R. APP. P. 43.2.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

161017F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PATTEN CUSTOM HOMES, LLC,
Appellant

No. 05-16-01017-CV    V.

ROBERT MAHLIN, ANNE MAHLIN,
AND SAMANUM NGERNERD, Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-16-03213-B.
Opinion delivered by Justice Schenck,
Justices Francis and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and **RENDERED** that PATTEN CUSTOM HOMES, LLC is entitled to possession of the property at 5223 Richard Avenue, Dallas, Texas 75206, and to reasonable attorney's fees. This cause is **REMANDED** to the trial court to determine a reasonable amount of attorney's fees to be awarded to PATTEN CUSTOM HOMES, LLC.

It is **ORDERED** that appellant PATTEN CUSTOM HOMES, LLC recover its costs of this appeal from appellee ROBERT MAHLIN, ANNE MAHLIN AND SAMANUM NGERNERD.

Judgment entered this 18th day of July, 2017.