DISMISS and Opinion Filed July 3, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00124-CV

**BEHROOZ KHADEMAZAD, Appellant**
**V.**
**THORA KHADEMAZAD, Appellee**

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-17-21321**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Chief Justice Burns

Appellant and appellee both sought enforcement of their divorce decree. Appellant appeals from the trial court's enforcement order entered following a bench trial. The order granted appellee's petition in its entirety and granted in part and abated in part appellant's counter-petition. We questioned our jurisdiction over the appeal as the order did not appear to be final. At the Court's request, the parties filed letter briefs addressing the jurisdictional issue.

Generally, this Court has jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id*. We are mindful that a judgment, not intrinsically interlocutory in character, rendered following a bench trial, is presumed final. *See N.E. Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 897-98 (Tex. 1966). "If there is any doubt as to the

judgment's finality, then '[f]inality must be resolved by a determination of the intention of the court [as] gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.'" *See Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (per curiam) (quoting *Lehmann,* 39 S.W.3d at 203).

In the divorce decree, the trial court divided certain real property owned by the parties, including The Terraces, awarding each fifty percent in the net proceeds from the sale of the properties and holding each responsible for the debts due or to become due on those properties. The Terraces has not yet been sold. In its counter-petition, appellant sought, among other things, reimbursement for amounts he had paid related to the debts on The Terraces. In its order, the trial court abated appellant's debt-related claims as "not yet ripe."

Appellee agrees that this Court lacks jurisdiction over this appeal. Appellant, however, asserts that the trial court effectively denied the abated claims by providing in the order that a party paying a portion of the obligations on the property will be entitled to reimbursement from the net proceeds from the sale. The divorce decree, however, did not provide for reimbursement. Rather, it provided that each party was responsible for the debts on The Terraces "due or to become due." We disagree that the reimbursement provision overcomes the trial court's express language abating these claims. Based on the abatement language in the order, we conclude the trial court did not intend the order to be final. Under these circumstances, the *Aldridge* presumption of finality does not apply. *See Aldridge*, 400 S.W.2d at 897-98.

The parties have filed a joint motion to abate the appeal. They ask that we treat this appeal as premature. They state in their motion that they "anticipate" that The Terraces will either be sold or foreclosed upon and such sale will either moot or ripen the issues in this appeal. However, following the sale of The Terraces, the parties will still need to submit a final accounting of the

obligations and payments related to both that property and the homestead. Because the timeline for a final resolution is open-ended, the Court denies the parties joint motion to abate the appeal.

The trial court's order on appeal does not finally resolve all claims asserted in the petition and counter-petition for enforcement. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

190124F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BEHROOZ KHADEMAZAD, Appellant

No. 05-19-00124-CV        V.

THORA KHADEMAZAD, Appellee

On Appeal from the 303rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-17-21321.
Opinion delivered by Chief Justice Burns.
Justices Whitehill and Nowell participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee THORA KHADEMAZAD recover her costs of this appeal from appellant BEHROOZ KHADEMAZAD.

Judgment entered July 3, 2019