

# NUMBER 13-18-00006-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| SOUTH COAST SPINE & REHABILITATION, PA, | Appellant, |
| v. | |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | Appellee. |

### On appeal from County Court at Law No. 1 of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Perkes

In this contract dispute between an out-of-network medical provider and a self-insured school district, we previously held that appellant South Coast Spine & Rehabilitation, PA, (South Coast) could sue appellee Brownsville Independent School

District (BISD) as an assignee under BISD's Employee Benefit Plan (Plan). *South Coast Spine & Rehab. PA v. Brownsville Indep. Sch. Dist.*, No. 13-11-00270-CV, 2014 WL 1789546, at *3–5 (Tex. App.—Corpus Christi–Edinburg Apr. 30, 2014, no pet.) (mem. op.). In doing so, we rejected BISD's argument that a written contract between BISD and South Coast was required to waive BISD's immunity under Chapter 271 of the Texas Local Government Code. *See id.* at *3 ("In its plea to the jurisdiction, BISD asserted that it did not waive its immunity from the breach of contract action *because it never entered into a contract with South Coast*.") (emphasis added). On remand, the trial court granted BISD's request for a directed verdict based on the absence of a written contract between South Coast and BISD. We reverse and remand.

## I. BACKGROUND

South Coast filed suit seeking payment for out-of-network medical services provided to twenty-seven BISD employees. Before performing these services, South Coast confirmed with BISD's third-party administrator, American Administrative Group (AAG), that each patient was eligible to receive benefits under the Plan. Each patient executed an "Assignment of Proceeds, Lien, and Authorization," assigning to South Coast the patient's benefits under the Plan. South Coast submitted claims for these twenty-seven patients and AAG refused payment, in whole or in part, on all of the claims. In addition to BISD, South Coast named the twenty-seven patients as defendants, seeking payment from the patients to the extent the services were not covered under the Plan. South Coast's claims sounded in both tort and contract.

In its answer, BISD made the following admissions:

2

Defendant BISD provides medical benefits to its employees pursuant [to] a self-funded employee medical benefits plan. Such plan is adopted by the Board of Trustees of Brownsville Independent School District and represents those benefits provided by [BISD] to its employees. The plan is a detailed explanation of benefits and limitation of those benefits and includes but is not limited to, restrictive parameters such as co-payments, co-insurance, limitation of coverage, limitation of procedures, preferred provider networks, etc. Employees are free to select medical providers of their choosing. When employees select a medical provider, they assign the benefits provided to them by [BISD] to the medical provider. The medical provider thereafter treats and bills the patient at its discretion. BISD's commitment is only that it pay the provider the employee's assigned benefits that the employee is entitled to as per the terms and conditions of its benefit plan.

BISD subsequently filed a plea to the jurisdiction, arguing it was immune from all of South Coast's claims. BISD also filed a motion to dismiss the claims against its employees under the election-of-remedies provisions of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).

The trial court granted both motions, and we affirmed in part, and reversed and remanded in part, holding BISD and the individuals were immune from the tort claims, but not the contract claims. *South Coast*, 2014 WL 1789546, at *3–9. As to the contract claim against BISD, we concluded that "under section 271.152 of the Texas Local Government Code, BISD waived its governmental immunity by entering into contracts to provide its employees with health insurance." *Id.* at *3 (citing TEX. LOC. GOV'T CODE ANN. § 271.152). We rejected BISD's argument that there must be a written contract between South Coast and BISD; instead, we held that South Coast "has a right to sue as an assignee that was intended under the employee benefits plan." *Id.* at *5 (citing *First–Citizens Bank & Trust Co. v. Greater Austin Area Telecomms. Network*, 318 S.W.3d 560, 568 (Tex. App.—Austin 2010, no pet.)).

3

On remand, a jury trial was commenced. After South Coast rested, BISD moved for a directed verdict in open court, arguing that "[b]ecause BISD never agreed, either by agreement or practice, to enter into a contract with [South Coast], we believe that that negates the existence of a contract." The trial court agreed, granting a directed verdict for BISD because "there was no contract [between BISD and South Coast]." This appeal ensued.[1]

## II. STANDARD OF REVIEW

When a trial court grants a directed verdict, we review the evidence in the light most favorable to the nonmovant and disregard any contrary evidence. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 82–83 (Tex. 2000). If there was "some evidence" to raise an issue of material fact on the question presented, the directed verdict was improperly granted. *Id.* at 83.

## III. DISCUSSION

The trial court's ruling was contrary to our prior holding that South Coast could sue BISD as an assignee under the Plan—a contract between BISD and its employees. *See South Coast*, 2014 WL 1789546, at *7. An assignee steps into the shoes of the claim

---

[1] Generally, only final judgments that dispose of all parties and claims are appealable. *Lehmann v. Har-Con Corp*, 39 S.W.3d 191, 195 (Tex. 2001) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966)). At the time of trial, South Coast's contract claims against the individual patients were live; however, none of the patients appeared at trial and South Coast's presentation of evidence focused on its claims against BISD. *See* TEX. R. APP. P. 265(b) ("The party upon whom rests the burden of proof on the whole case shall then introduce his evidence."). Because the trial court granted a directed verdict in favor of BISD, we presume it was a final judgment disposing of all parties and claims. *See Lehmann*, 39 S.W.3d at 204 (explaining that an order granting a dispositive motion is a final judgment for appeal purposes); *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) ("We have long recognized a presumption of finality for judgments that follow a conventional trial on the merits." (citing *Moritz v. Preiss*, 121 S.W.3d 715, 718–19 (Tex. 2003))). And because the parties and trial court treated the directed verdict as a final judgment, that presumption has not been overcome. *See Drennon*, 324 S.W.3d at 563. Accordingly, we are satisfied that we have jurisdiction over this appeal. *See id.*

holder—in this case, the patients—and is considered under the law to have suffered the same injury and have the same legal rights as the claim holder. *Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 916 (Tex. 2010); *see also Clayton Williams Energy, Inc. v. BMT O & G TX, L.P.*, 473 S.W.3d 341, 353 (Tex. App.—El Paso 2015, pet. denied) ("[I]t is axiomatic that when an assignee receives a transfer of rights under a contract, the assignee steps into the assignor's shoes for purposes of that contract."). BISD admits in its answer that, "[w]hen employees select a medical provider, they assign the benefits provided to them by Brownsville ISD to the medical provider." Therefore, the existence of a written contract between South Coast and BISD was irrelevant; to prevail on its claims as an assignee, South Coast was only required to prove each patient's entitlement to benefits under the Plan. *See Mktg. on Hold Inc.*, 308 S.W.3d at 916.

As BISD admitted in its answer, BISD employees are free to choose their own medical providers, and BISD is obligated to pay those medical providers the employee's assigned benefits to the extent the services are covered by the Plan. The dispositive question, then, was whether and to what extent the Plan covered the out-of-network services provided by South Coast.

A copy of the Plan was admitted into evidence. In addition to requiring different annual deductibles and out-of-pocket maximums for "Network" and "Non-Network" medical services, the Plan generally provides participants an 80% benefit when a covered service is provided in-network and a 60% benefit when the same service is provided out-of-network. Naturally, the charges must be reasonable and customary and the services medically necessary, but the Plan specifically covers out-of-network medical services

within the general confines of the Plan.

Billing summaries for each patient, detailing the services provided, amounts charged, and the different amounts owed, were also admitted into evidence. According to these summaries, South Coast only seeks from BISD the amount generally paid to out-of-network providers for covered services—60%. Common medical services listed in the billing summaries included massage therapy, therapeutic exercise, and MRIs. The Plan specifically covers occupational and physical therapy, as well as MRIs.

After reviewing the record, we hold that South Coast clearly provided "some evidence" that it is entitled to payment as an assignee under the Plan. *See Fin. Review Servs.*, 29 S.W.3d at 83. We sustain South Coast's sole issue.

## IV. CONCLUSION

We reverse the trial court's judgment and remand the case for a new trial.

GREGORY T. PERKES
Justice

Delivered and filed the
12th day of September, 2019.

6