

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00434-CV

_____

OLIVER MCGEE, APPELLANT

V.

HOWARD UNIVERSITY, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2017-526,653; Honorable Ruben Gonzalez Reyes, Presiding

April 22, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, Oliver McGee, appeals from a judgment issued in favor of Appellee, Howard University, following a jury trial. We dismiss the appeal for want of jurisdiction.

On September 16, 2019, the trial court signed a judgment stating "[t]his judgment finally disposes of all parties and all claims and is appealable." However, the judgment

also directed Howard University to file a motion for entry of attorney's fees to "be determined by the Court." McGee appealed from the judgment.

Questioning the finality of the judgment, we remanded the cause to the trial court to clarify whether it intended the judgment to be a final appealable order. On remand, the trial court issued an *Amended Order Clarifying Finality of Judgment,* stating that the "judgment was not intended to be a final appealable order as the remaining issue of attorneys' fees remained to be litigated." We subsequently reinstated the appeal.

Our appellate jurisdiction is generally limited to final judgments and a few (here inapplicable) statutory exceptions. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* In this case, the trial court's clarification order confirms that the judgment is not final for purposes of appeal, notwithstanding the statement contained therein to the contrary, because it did not dispose of Howard University's claim for attorney's fees. *See Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) ("If there is any doubt as to the judgment's finality, then '[f]inality must be resolved by a determination of the intention of the [trial] court [as] gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties.'") (citing *Lehmann*, 39 S.W.3d at 203).

By letter of April 7, 2020, we notified the parties that it did not appear a final judgment or appealable order had been issued by the trial court and directed McGee to show how we have jurisdiction over the appeal. McGee has filed a response acknowledging that the appeal filed was prematurely.

Because there is not a final judgment or appealable order in this case, we do not have jurisdiction over the appeal. Accordingly, the appeal is dismissed. TEX. R. APP. P. 42.3(a).

Per Curiam