**Affirmed and Memorandum Opinion filed March 26, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00103-CV

---

## EARNEST TAYLOR AND LISA TAYLOR, D/B/A T & S ENTERPRISES, Appellants

## V.

## JESUS M. VELA, BLASA VELA, AND VELA RANCH LLC, Appellees

---

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 81897-CV**

---

### MEMORANDUM OPINION

Appellants Earnest Taylor and Lisa Taylor d/b/a T & S Enterprises (collectively the Taylors) appeal from a judgment in favor of appellees Jesus M. Vela, Blasa Vela, and Vela Ranch, LLC (collectively the Velas) signed following a jury trial. We affirm.

### BACKGROUND

We have seen this long-running dispute over a failed land transaction before.

*See Taylor v. Vela*, No. 14-19-00990-CV, 2021 WL 3416242 (Tex. App.—Houston [14th Dist.] Aug. 5, 2021, no pet.) (mem. op.). That opinion sets forth the pertinent background to this appeal, and we do not repeat it here.

In the opinion resolving the first appeal, we determined that the trial court erred when it denied the Taylors a jury trial to resolve disputed fact issues and we remanded to the trial court for further proceedings. *Id.* at \*3. The trial court subsequently conducted a jury trial to resolve the dispute over the parties' Rule 11 Settlement Agreement that had been entered in open court. At the conclusion of the evidence, the jury found that (1) both parties breached the agreement, (2) the Taylors breached first, (3) neither party's breach was excused, (4) the Velas were not damaged as a result of the Taylors' breach, and (5) the Velas were not entitled to recover attorney's fees. The trial court signed a November 14, 2022 final judgment reflecting the jury's verdict. The trial court subsequently signed a November 30, 2022 "Judgment Nunc Pro Tunc" declaring all *Lis Pendens* notices filed of record by the Taylors asserting a claim to the disputed land void and ordered that they be released, "expunged, cancelled and set aside" as permitted by the Texas Property Code.[1] *See* Tex. Prop. Code Ann. §§ 12.0071, 12.008. The trial court taxed court costs against the Taylors. Finally, the November 30, 2022 judgment provided that "all relief not expressly granted herein is denied. THIS IS A FINAL JUDGMENT AND APPEALABLE AS SUCH." The Taylors filed a motion for new trial, which was denied by operation of law. They also filed a Bill of Exception and a Bystander's Bill of Exception, which the trial court refused. *See* Tex. R. App. P. 33.2. This appeal followed.

---

[1] The initial judgment contained a transcribing error in a real property description and the November 30, 2022 judgment, which was signed within the trial court's plenary power, corrected that mistake.

2

## I.    We have jurisdiction to consider the Taylors' appeal.

We address the Taylors' fourth issue first because it challenges our jurisdiction. *See Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009) (per curiam) (addressing jurisdiction first even when no party raised jurisdiction as an issue). The Taylors argue that we do not have jurisdiction because the trial court's November 30, 2022 judgment did not dispose of all claims asserted in their live pleading. We disagree.

Whether we have jurisdiction is a legal question that we review de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). Generally, appeals may only be taken from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment following a trial on the merits is presumed final. *See Northeast Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966) ("When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issue having been entered pursuant to [the] Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and all issues made by the pleadings between such parties."). If there is any doubt as to the judgment's finality, it must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole. *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010).

Here, because the trial court's November 30, 2022 judgment was signed following a trial on the merits, it is presumed final. *See Aldridge*, 400 S.W.2d at 897–98. In addition, the language found in that judgment, quoted above, clearly

conveys that the trial court intended a final judgment resolving all claims. *Vaughn*, 324 S.W.3d at 563. Finally, we are not persuaded by the Taylors' contention that the judgment is not final because it did not address all of their claims. Even if it were true that the trial court did not resolve all of the Taylors' claims, because the judgment contains a "clear and unequivocal" finality phrase disposing of the entire case, it is a final, not interlocutory, judgment. *In re Guardianship of Jones*, 628 S.W.3d 921, 924 (Tex. 2021). Any failure to resolve all claims and parties, would render it erroneous, not interlocutory. *Id.* Because we conclude that the trial court's November 30, 2022 judgment is indeed a final and not interlocutory judgment, we hold that we have jurisdiction to resolve this appeal. We overrule the Taylors' fourth issue.

## II. The trial court did not abuse its discretion when it excluded evidence regarding an alleged withdrawal of funds from a different trial court's registry prior to the parties' Rule 11 Settlement Agreement.

During the jury trial, the Taylors sought to admit testimony regarding the Velas alleged withdrawal of $7,000 from the registry of a different trial court. The Velas objected that the proposed testimony was not relevant because it predated the parties' Rule 11 Settlement Agreement, which settled all existing disputes between the parties. The trial court agreed, sustained the Velas' objection, and excluded the evidence.

In their first issue, the Taylors argue that the trial court abused its discretion when it sustained the Velas' relevance objection and excluded the proposed testimony. In their second issue, the Taylors argue that the trial court also abused its discretion when it denied their motion for new trial based on the trial court's exclusion of the same proposed evidence. Finally, in their third issue, the Taylors argue that the trial court abused its discretion when it refused their Bill of Exception and Bystander's Bill of Exception seeking to make a record of the same

4

excluded evidence. Because all three issues address the exclusion of the same proposed evidence and are governed by an abuse of discretion standard of review, we address them together. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (addressing motion for new trial); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995) (exclusion of evidence); *In re J.R.P.*, 526 S.W.3d 770, 780–81 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (explaining bill of exception is a method to preserve error when a trial court excludes evidence).

A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court's evidentiary ruling must be upheld if there is a legitimate basis for it. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Even if the exclusion of evidence is found to be an abuse of discretion, it does not warrant reversal unless the error probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a).

Here, the Taylors sought to introduce evidence regarding an alleged withdrawal of $7,000 from the registry of Brazoria County Court at Law Number 2 by the Velas. The $7,000 was allegedly part of an appeal bond paid by the Taylors in the Velas' eviction suit against them. The Velas initially filed the eviction suit in Justice of the Peace Court in Brazoria County. It is undisputed that the alleged $7,000 withdrawal occurred prior to the parties' Rule 11 Settlement Agreement, which resolved all claims and potential claims between the parties. We conclude that since the alleged $7,000 withdrawal predated the Rule 11 Settlement Agreement, the trial court could have determined that it was not relevant to whether the Taylors breached the Rule 11 Settlement Agreement by failing to timely make payments called for by that same Rule 11 Settlement Agreement. We

5

hold that the trial court did not abuse its discretion when it excluded the proposed evidence of the alleged $7,000 withdrawal and later denied the Taylors' motion for new trial based on that same evidence.

The Taylors tried to introduce testimony regarding the alleged $7,000 withdrawal during the trial. The Velas objected that the proposed testimony was not relevant because it predated the Rule 11 Settlement Agreement. The trial court sustained the objection. Prior to the trial court sustaining the Velas' objection, the trial court had been informed of the substance of the proposed testimony. *See* Tex. R. Evid. 103(a)(2). The Taylors later filed a Formal Bill of Exception and a Bystander's Bill of Exception in the trial court. The trial court refused the proposed bills of exception. The Taylors complain about this refusal in their third issue.

A bill of exception is a procedural mechanism to preserve error so that a party can "complain on appeal about a matter that would not otherwise appear in the record." Tex. R. App. P. 33.2. The complaining party must still demonstrate on appeal that the trial court abused its discretion when it excluded the proposed evidence. Here, the substance of the proposed evidence appears in the appellate record. The Taylors therefore preserved error and were able to present their argument on appeal that the trial court abused its discretion when it excluded the testimony regarding the alleged $7,000 withdrawal. *See Roberson v. Roberson*, No. 14-22-00171-CV, 2023 WL 5286968, at *2 (Tex. App.—Houston [14th Dist.] Aug. 17, 2023, pet. denied) (mem. op.) (stating that an offer of proof that establishes "the substance of the proffered evidence" preserves error on trial court's exclusion of evidence); *Industrial III, Inc. v. Burns*, No. 14-13-00386-CV, 2014 WL 4202495, at *13 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, pet. denied) (mem. op.) ("When no offer of proof is made before the trial court, the

party must introduce the excluded testimony into the record by a formal bill of exception."). We have already determined that the trial court did not abuse its discretion when it excluded the proposed evidence. We overrule the Taylors' first, second, and third issues.

## CONCLUSION

Having overruled the Taylors' issues on appeal, we affirm the trial court's judgment.

/s/ Jerry Zimmerer
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

7