**Opinion issued August 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00306-CV

———————————

## DRETON  DOAN, Appellant

## V.

## GREAT VENTURE PROPERTIES, LP, Appellee

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2021-77203

## MEMORANDUM OPINION

Appellant Dreton Doan, proceeding pro se, filed a notice of appeal from the trial court's March 18, 2024 order granting summary judgment in favor of Appellee Great Venture Properties, LP.  Because the clerk's record indicates that the trial court has not disposed of all parties and claims in the underling lawsuit,

we notified Doan that his appeal could be dismissed for lack of jurisdiction unless, by August 27, 2024, he filed a response or a supplemental clerk's record establishing that all claims against all parties were resolved in the underlying litigation, and that the summary judgment from which he appeals is a final and appealable judgment. Doan did not file a response by the indicated deadline.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). A judgment issued without a conventional trial is final for purposes of appeal only if it (1) actually disposes of all claims and parties before the court, regardless of its language, or (2) states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see also Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) ("[A] final judgment must dispose of all parties and all claims in the underlying case."). If there is any doubt as to a judgment's finality, the question must be resolved by determining the trial court's intention as gathered from the language of the entire order and the record as a whole, aided on occasion by the conduct of the parties. *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (citing *Lehmann*, 39 S.W.3d at 203). Whether a court has jurisdiction is a question of law, which we review *de novo*. *Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390.

Interlocutory appellate jurisdiction, which is a limited exception to the general rule, permits appellate courts to review certain trial court rulings even when the case remains pending before the trial court. *See id.* We have jurisdiction over an appeal of an interlocutory order, however, only if there is a statute authorizing an appeal of the order. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeals from certain interlocutory orders); *id.* § 15.003(b) (permitting interlocutory appeal of certain venue determinations).

Doan challenges the trial court's March 18, 2024 order granting summary judgment in favor of Appellee Great Venture Properties, LP. The record reflects, however, that in addition to Great Venture Properties, LP, Doan also sued Angel Restaurant, LLC, Cuon Pham, John Doe, Jane Doe, Loan Cao, and Thu Minh Huyhn. The order from which Doan appeals states that after considering Great Venture Property's "No-Evidence Motion for Summary Judgment ("Motion") as to [Doan's] claims against it . . . the Motion should be GRANTED," and it further provides that the motion "as to each of [Doan's] claims against [Great Venture Properties'] is GRANTED." The order does not reflect that the trial court disposed of Doan's claims against the remaining defendants, nor does it state with unmistakable clarity that it is final as to all claims or parties. The order is thus not

3

a final and appealable judgment.[1]  *See Lehmann*, 39 S.W.3d at 192–93 (stating judgment final only if order disposes of all claims and parties, or states with unmistakable clarity that judgment is final as to all claims and parties).

A summary judgment that disposes of claims against only some parties is interlocutory. *Ehresman v. LF Tech. Dev. Corp. Ltd.*, No. 03-22-00433-CV, 2022 WL 17070807, at *1 (Tex. App.—Austin Nov. 18, 2022, no pet.) (mem. op.) ("[A]n order granting summary judgment in favor of only some of multiple defendants is not an appealable interlocutory order."); *see also Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 763 (Tex. 2019) (stating interlocutory order that grants summary judgment is not appealable). There is no indication in the record that the trial court severed the order making it final and appealable. *See Lehmann*, 39 S.W.3d at 203 (noting that order granting summary judgment for three of five remaining defendants became final for purposes of appeal when it was severed).

Thus, because the order granting summary judgment in favor of Great Venture Properties from which Doan appeals is not a final judgment and the order is not subject to review by interlocutory appeal, we do not have jurisdiction over the appeal. *See Lehmann*, 39 S.W.3d at 192–93; *Dall. Symphony Ass'n,* 571

---

[1]  Although Appellant did not respond to this Court's jurisdictional letter, on August 27, 2024, the Clerk of the District Court filed an information sheet stating she was "unable to locate . . . any documents establishing that all claims against all parties have been resolved" in the underlying lawsuit.

S.W.3d at 763 ("An interlocutory order *granting* summary judgment is not subject to appeal.") (emphasis in original); *Falkenhorst v. Metro. Escrow & Title, LLC*, No. 01-22-00370-CV, 2023 WL 2576452 (Tex. App.—Houston [1st Dist.] Mar. 21, 2023, no pet.) (mem. op.) (holding court lacked jurisdiction over appeal of summary judgment that did not dispose of all claims against all parties).

## Conclusion

We dismiss the appeal for lack of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f).

## PER CURIAM

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.