**Opinion issued September 12, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00306-CV

_____

### DRETON  DOAN, Appellant

### V.

### GREAT VENTURE PROPERTIES, LP, Appellee

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-77203**

---

## MEMORANDUM OPINION[1]

Appellant Dreton Doan, proceeding pro se, filed a notice of appeal from the

trial court's March 18, 2024 order granting summary judgment in favor of

Appellee Great Venture Properties, LP.  Because the clerk's record indicates that

---

[1]     We withdraw our opinion and judgment of August 30, 2024 and issue this opinion
and judgment in their stead.  Our disposition remains the same.

the trial court has not disposed of all parties and claims in the underling lawsuit, we notified Doan that his appeal could be dismissed for lack of jurisdiction unless, by August 27, 2024, he filed a response or a supplemental clerk's record establishing that all claims against all parties were resolved in the underlying litigation, and that the summary judgment from which he appeals is a final and appealable judgment.

On August 29, 2027, Doan filed a response asserting that this Court has jurisdiction over his appeal because the trial court's summary judgment order from which he appeals "disposes of all claims and parties, thus constituting a final judgment."[2]  According to Doan, the "supplemental clerk's record includes documentation confirming that all claims against all parties have been resolved." Because we conclude that the order from which Doan appeals is not a final appealable judgment, we dismiss the appeal for lack of jurisdiction.

## Discussion

Generally, appellate courts have jurisdiction only over appeals from final judgments.  *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).  A judgment issued without a conventional trial is final for purposes of appeal only if it (1) actually disposes of all claims and parties before the court, regardless of its language, or (2) states with unmistakable

---

[2]  Doan's response is dated August 27, 2024, but the certificate of service bears an August 29, 2024 date and it was received in this Court on August 29, 2024.

clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see also Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) ("[A] final judgment must dispose of all parties and all claims in the underlying case."). If there is any doubt as to a judgment's finality, the question must be resolved by determining the trial court's intention as gathered from the language of the entire order and the record as a whole, aided on occasion by the conduct of the parties. *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (citing *Lehmann*, 39 S.W.3d at 203). Whether a court has jurisdiction is a question of law, which we review *de novo*. *Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390.

Interlocutory appellate jurisdiction, which is a limited exception to the general rule, permits appellate courts to review certain trial court rulings even when the case remains pending before the trial court. *See id.* We have jurisdiction over an appeal of an interlocutory order, however, only if there is a statute authorizing an appeal of the order. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeals from certain interlocutory orders); *id.* § 15.003(b) (permitting interlocutory appeal of certain venue determinations).

Doan sued Defendants Great Venture Properties, LP, Angel Restaurant d/b/a Angel Beer Club, Cuon Pham, John Doe, and Jane Doe for claims involving an

alleged assault. Doan alleged he was assaulted by Defendant Cuong Pham in the parking lot of Angel Beer. Defendant Great Ventures owns the shopping center where Angel Beer is located, and it leased the space where Angel Beer's restaurant is located. Doan and Pham were patrons of Angel Beer on the night of the assault.

Great Venture moved for summary judgment on Doan's claims against it, and on March 18, 2024, the trial court granted summary judgment in favor of Great Venture dismissing Doan's claims against that entity. The order from which Doan appeals states that after considering Great Venture's "No-Evidence Motion for Summary Judgment ("Motion") as to [Doan's] claims against it . . . the Motion should be GRANTED," and it further provides that the motion "as to each of [Doan's] claims against [Great Venture] is GRANTED." The order does not reflect that the trial court disposed of Doan's claims against the remaining defendants, nor does it state with unmistakable clarity that it is final as to all claims or parties. The order is thus not a final and appealable judgment. *See Lehmann*, 39 S.W.3d at 192–93 (stating judgment final only if order disposes of all claims and parties, or states with unmistakable clarity that judgment is final as to all claims and parties).

In his response, Doan argues that the trial court's summary judgment order is final because "it resolves all issues related to the landlord's alleged negligence," and the "business entity, Angel Beer Club, has ceased operations, and all

employees are not involved." According to Doan, "the landlord [Great Venture] remains the sole party of interest in this appeal" and there are "no remaining issues or claims to be addressed." But there is nothing in the record reflecting that a final judgment disposing of all parties and all claims has been entered, nor is there anything in the record reflecting Great Venture is the sole party involved.

Doan claims that the "supplemental clerk's record includes documentation confirming that all claims against all parties have been resolved" but the supplemental clerk's record establishes the contrary. The supplemental clerk's record, filed on August 27, 2024, consists of this Court's jurisdiction notice to Doan dated August 13, 2024, and an information sheet from the Clerk of the District Court dated August 27, 2024, where she indicates she was "unable to locate . . . any documents establishing that all claims against all parties have been resolved" in the underlying lawsuit.

A summary judgment that disposes of claims against only some parties is interlocutory. *Ehresman v. LF Tech. Dev. Corp. Ltd.*, No. 03-22-00433-CV, 2022 WL 17070807, at *1 (Tex. App.—Austin Nov. 18, 2022, no pet.) (mem. op.) ("[A]n order granting summary judgment in favor of only some of multiple defendants is not an appealable interlocutory order."); *see also Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 763 (Tex. 2019) (stating interlocutory order that grants summary judgment is not appealable). There is no indication in the

record that the trial court severed the summary judgment order from which Doan appeals making it final and appealable. *See Lehmann*, 39 S.W.3d at 203 (noting that order granting summary judgment for three of five remaining defendants became final for purposes of appeal when it was severed).

Thus, because the order granting summary judgment in favor of Great Venture from which Doan appeals is not a final judgment and the order is not subject to review by interlocutory appeal, we do not have jurisdiction over the appeal. *See Dall. Symphony Ass'n*, 571 S.W.3d at 763 ("An interlocutory order *granting* summary judgment is not subject to appeal.") (emphasis in original); *Falkenhorst v. Metro. Escrow & Title, LLC*, No. 01-22-00370-CV, 2023 WL 2576452 (Tex. App.—Houston [1st Dist.] Mar. 21, 2023, no pet.) (mem. op.) (holding court lacked jurisdiction over appeal of summary judgment that did not dispose of all claims against all parties).

## Conclusion

We dismiss the appeal for lack of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f).

## PER CURIAM

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.