

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00467-CV

**IN RE S.N.G., a Child**

Original Proceeding[1]

PER CURIAM

Sitting:     Irene Rios, Justice
              Lori Massey Brissette, Justice
              Velia J. Meza, Justice

Delivered and Filed: December 17, 2025

PETITION FOR WRIT OF MANDAMUS DENIED

On July 18, 2025, relator filed a petition for writ of mandamus complaining of respondent's judgment non-obstante veredicto issued April 30, 2025. Relator's petition did not comply with the Texas Rules of Appellate Procedure. We ordered relator to file a compliant petition or to file a motion for leave to file a non-compliant petition. Relator filed a motion for leave to file a non-compliant petition that failed to set forth adequate reasons. We struck the petition and ordered relator to file a compliant petition and record. Relator has since filed a non-compliant petition accompanied by a non-compliant appendix.

---

[1]This proceeding arises out of Cause No. 2022PA01726, styled *In the Interest of S.N.G., a Child*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Christine Vasquez-Hortick presiding.

Mandamus is an extraordinary remedy that will be granted only when the relator can show that the trial court has clearly abused its discretion or violated a duty imposed by law and that there is no adequate remedy by way of appeal. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Marty, Inc.*, No. 04-20-00067-CV, 2020 WL 557076, at *1 (Tex. App.—San Antonio Feb. 5, 2020, orig. proceeding). The requirements of mandamus dictate that the relator provide a sufficient record showing entitlement to mandamus relief. *Walker*, 827 S.W.2d at 837; *see also* TEX. R. APP. P. 52.7(a). "Because the record in a mandamus proceeding is assembled by the parties," we must "strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding)); *see also* TEX. R. APP. P. 42.3(c) (permitting dismissal on ten days' notice for failure to comply with a requirement of the Texas Rules of Appellate Procedure, a court order, or a notice from the clerk requiring a response or other action within a specified time). "We may deny a petition for a writ of mandamus for an inadequate record alone." *In re Luarks*, No. 04-25-00514-CR, 2025 WL 2525864, at *1 (Tex. App.—San Antonio Sept. 3, 2025), *reh'g denied*, No. 04-25-00514-CR, 2025 WL 3157654 (Tex. App.—San Antonio Nov. 12, 2025, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) (denying petition for writ of mandamus for inadequate record); *In re Schweyer*, No. 01-24-00980-CR, 2024 WL 5160641, at *1 (Tex. App.—Houston [1st Dist.] Dec. 19, 2024, orig. proceeding) (same).

The non-compliant record furnished by the relator shows a final judgment was signed on the same day as the order from which she complains. That judgment terminates parental rights and grants permanent managing conservatorship to nonparents. The judgment was entered following

a traditional trial on the merits and in accordance with a jury verdict. We therefore presume the judgment was final and appealable. *See N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966) ("When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties."); *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (per curiam) (applying *Aldridge* to a judgment signed after traditional trial on the merits).

There is no indication in the record whether the judgment non obstante veredicto was granted before or after the final judgment. The record does not contain a subsequent modified judgment implementing the terms of the judgment non obstante veredicto. Based on the record provided, we conclude that relator has failed to establish that she lacks an adequate remedy by appeal because an appealable final judgment was rendered on April 30, 2025. The petition for writ of mandamus is **DENIED**. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM