**Petition for Writ of Mandamus Granted and Opinion filed November 17, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00699-CV

---

## IN RE LARRY BLANKENHAGEN AND DIAN PETTY, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-06458**

---

## OPINION

On April 2, 2016, the Honorable Joseph J. "Tad" Halbach, Jr. of the 333rd District Court of Harris County (trial court) signed a Default Judgment in favor of relators Larry Blankenhagen and Dian Petty (Default Judgment).

On June 9, 2016, the trial court signed an Order denying relators' motion for hearing on unliquidated damages, which sought the opportunity to prove the amount of relators' damages (Order Denying Hearing on Damages). The trial court denied the motion because it concluded that the Default Judgment is a final judgment and its plenary jurisdiction had expired.

On September 12, 2016, relators filed an amended petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the trial court to vacate its Order Denying Hearing. Relators argue that the Default Judgment is not a final judgment, and the trial court therefore has jurisdiction to conduct a hearing on damages. Relators additionally ask that we compel the trial court to (1) sign a Final Default Judgment stating the specific amount of monetary damages awarded to relators, or (2) schedule a hearing to permit relators to present evidence as to their monetary damages and attorney's fees, or (3) remand the Initial Decision of the Architect with instructions to clarify the damage award.

The Default Judgment is not a final judgment because the amount that it awards as damages cannot be ascertained from either the judgment or the exhibits to the judgment. In fact, it does not appear that the amount of relators' damages has been determined by the Architect, as the parties agreed. Thus, the trial court abused its discretion by concluding that it lacked plenary jurisdiction to hear and consider an award of damages. Relators have no adequate remedy by appeal for this error. We therefore conditionally grant the petition for writ of mandamus.

# I. BACKGROUND

The real party-interest and defendant below is Noble Building and Development, LLC d/b/a Noble Building & Development, LLC (Noble).

On April 18, 2012, relators and Noble (the general contractor) entered into a contract (the Contract) for the construction of relators' home (the Project). Relators allege that Noble breached the Contract in several respects, including by performing defective work and by failing to timely proceed with the work.

Pursuant to the dispute-resolution provisions of the Contract, relators were required to submit their claim to the "Initial Decision Maker" for an "Initial Decision" concerning the claim. The Architect was jointly designated by relators and Noble as the Initial Decision Maker.

On October 23, 2014, relators submitted their Request for Initial Decision to the Architect. Relators also detailed the damages they had incurred as a result of Noble's breach, and explained that they had obtained several bids and estimates of the cost of additional work to repair Noble's defective work and complete the Project. Based on these varying estimates, relators claimed that their damages ranged from $366,636.31 to $513,316.31. Relators also claimed that they were entitled to the liquidated sum of $10,000 for Noble's failure to timely achieve Substantial Completion. Relators' Request for Initial Decision concluded by stating:

> **We claim such amount against [Noble] and seek an award of $523,316.31, being the HIGHEST amount of the estimates** (subject to any increase after the date of this letter), **and further seek an award of such against and payment from [Noble]** . . . .

 (emphasis in original).

On October 31, 2014, the Architect issued his Initial Decision in favor of relators, but did not make a final determination of relators' damages.

On February 5, 2015, relators filed their Original Petition for Declaratory Judgment. Noble failed to timely file an answer. On March 17, 2015, relators filed a Motion for Entry of Default Judgment. On April 2, 2015, the trial court signed the Default Judgment that provided  Noble is indebted to relators "in the amounts as set out in the Initial Decision entered by the Architect." The final sentence of the Default Judgment states, "This judgment finally disposes of all parties and all claims and is appealable." The Exhibits to the Default Judgment include the Architect's Initial Decision, but that decision does not include a final determination of damages.

Relators allege that they attempted to execute on the Default Judgment, but were unable to because the district clerk could not ascertain the amount of monetary damages awarded to relators.

On May 26, 2016, relators filed a Motion for Hearing on Unliquidated Damages, arguing that the Default Judgment is not a final judgment and requesting the trial court to schedule a hearing to determine relators' damages and attorney's fees.

4

After an oral hearing, on June 9, 2016 the trial court signed its Order Denying relators' Motion for Hearing on Unliquidated Damages. In the Order, the trial court wrote that relators' motion was denied "for lack of plenary jurisdiction."

## II. MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and  relator has no adequate remedy by appeal. *In re Prudential Ins. Co*., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The appellate court reviews the trial court's application of the law de novo. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## III. ANALYSIS

The issue presented by relators' petition is whether the Default Judgment is a final judgment, which is a question of law that our court reviews de novo.

### A. Generally, a judgment is not final if the amount of damages awarded cannot be ascertained.

In *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 60 (Tex. App.—Houston [14th Dist.] 2014, pet. denied), our court recognized that a judgment is interlocutory if the amount awarded cannot be determined:

5

The Association cites *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985), for the general proposition that a judgment cannot condition recovery on uncertain events or base its validity on what the parties might do post-judgment. *See also Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 440 (Tex. App.—Houston [1st Dist.] 2000, no pet.) ("If the amount awarded by the judgment cannot be determined, the judgment is interlocutory.").

Our court did not disagree with the cited authority, but held that the judgment in that case was final because: "If this judgment were affirmed on appeal, a clerk could consult the rules and court documents to determine the date when the per diem payment stops, and then calculate the total amount due. Accordingly, this judgment is an appealable final judgment. *See Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 349–50 (Tex. 1971) (noting rule that final judgment must be definite and certain, and concluding that "[s]o long as the judgment of the court makes the figure which the clerk is to place in the writ of execution determinable by ministerial act, the judgment cannot be said to lack definiteness")." *Id*.

"A judgment is not final unless it is definite and certain, such that the clerk can ascertain the amount to place in the writ of execution." *In re Educap, Inc.*, 01-12-00546-CV, 2012 WL 3224110, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 7, 2012, no pet.). "In other words, '[i]f the amount awarded by the judgment cannot be determined, the judgment is interlocutory.'" *Id.* For a judgment to be final, it must be certain, so that it can be enforced by writ of execution. *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 680 (Tex. App.—Corpus Christi 1991, writ denied). Ministerial officers must be able to carry the judgment into execution

6

without ascertainment of additional facts. *Id*. "A judgment awarding an unascertainable amount cannot be final." *Id*.

### B. The Default Judgment is not a final judgment.

The Default Judgment provides that:

> It is FURTHER ORDERED and DECLARED that NOBLE BUILDING AND DEVELOPMENT, LLC, d/b/a NOBLE BUILDING & DEVELOPMENT, LLC, is indebted to LARRY BLANKENHAGEN and DIAN PETTY **in the amounts as set out in the Initial Decision** entered by the Architect in favor of LARRY BLANKENHAGEN and DIAN PETTY and against NOBLE BUILDING AND DEVELOPMENT, LLC, d/b/a NOBLE BUILDING & DEVELOPMENT, LLC.

*Id*. (emphasis added). The Exhibits to the Default Judgment include the Architect's Initial Decision, which states in pertinent part:

> I agree with [relators'] references to Contract terms and conditions as being a basis, showing [Noble's] breach of agreement between the parties and incorporate all of the facts and Contract terms cited by [relators] in the claims letter as support for [relators'] allegations and for this Initial Decision. The cost estimates for these repairs range from $366,636.31 to $513,316.31.

> Based on the above, and based on the Contract documents which impose on [Noble] the duty and obligation to deliver the completed construction job in accordance with the Contract Documents and to put in [relators'] hand a completely finished, clean and final project suited for its intended use, free of defects and reflecting skilled, high quality workmanship, **I approve [relators'] claim**. . . .

 (emphasis added). The only amounts stated in the Initial Decision are: "The cost estimates for these repairs range from $366,636.31 to $513,316.31." This statement

7

is not an award of damages, but is simply a summary of some of the damages evidence. At most, this statement states a potential range of damages, not an award of damages in a certain amount. Thus, it does not appear that the Architect has determined the amount of relators' damages.

Relators argue that the Architect intended to award them the $523,316.31 requested in their Request for Initial Decision because the Initial Decision states "Based on the above . . . I approve the owner's claim." We do not interpret that statement as approving the amount of damages sought in relators' Request for Initial Decision; rather, we interpret that statement as generally approving the *validity* of relators' claim. This is evident from the Architect's discussion of the cost estimates for repair, which are less than the $523,316.31 that relators sought.

Accordingly, the Default Judgment is not a final judgment because the amount of relators' damages has not yet been determined and cannot be ascertained from either the Default Judgment or the Architect's Initial Decision. *See e.g.*, *Mayes*, 17 S.W.3d at 440 ("If the amount awarded by the judgment cannot be determined, the judgment is interlocutory"); *In re Educap, Inc.*, 2012 WL 3224110, at *3 ("even assuming that the trial court intended to award McCune her attorney's fees by granting her motion for summary judgment, the judgment is nonetheless interlocutory because the amount of the fees awarded has not been stated in the judgment")*; Chado v. PNL Blackacre*, *L.P.*, No. 05-04-00312-CV, 2005 WL 428824, at *1 (Tex. App.—Dallas Feb. 24, 2005, no pet.) (mem. op.) (judgment was not final because although it awarded attorney's fees, it did not specify the amount and therefore lacks definiteness).

8

Noble argues that, even though the amount of damages awarded cannot be ascertained, the Default Judgment is final because it states, "This judgment finally disposes of all parties and all claims and is appealable." In *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001), the Texas Supreme Court stated: "When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party <u>or</u> *unless it clearly and unequivocally states that it finally disposes of all claims and all parties*." 39 S.W.3d at 205 (emphasis added). The supreme court gave an example of a clear statement, namely, "A statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." *Id.* at 206. Noble argues that because the statement in the Default Judgment is identical to the example given in *Lehmann*, the Default Judgment is a final judgment.

However, we do not interpret *Lehmann* as overruling or creating an exception to the supreme court's prior decisions that a judgment must be definite and certain to be final. *See, e.g.*, *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985) (to be final, a judgment must be sufficiently definite and certain to define the rights of the parties) and *Spray*, 468 S.W.2d at 349–50 (a final judgment must be definite and certain). *Lehmann* did not involve a judgment awarding an unascertainable amount or address whether such a judgment is made final by a clear statement that it finally disposes of all claims and all parties. In any event, we follow the Texas Supreme Court's decisions in *Hinde* and *Spray* (that to be final, a judgment must

9

be definite and certain) because these decisions have more direct application to this case than *Lehmann*.[1]

### C. Relators have no adequate remedy by appeal.

Mandamus relief is proper when the trial court erroneously holds that its plenary power has expired, particularly when the trial court fails to recognize that a default judgment is interlocutory rather than final. *See In re Bro Bro Props., Inc.*, 50 S.W.3d 528, 529, 531 (Tex. App.—San Antonio 2000, orig. proceeding); *In re Metcalfe*, No. 05-06-01281-CV, 2007 WL 4064, at *2 (Tex. App.—Dallas Jan. 2, 2007, orig. proceeding) (mem. op.). Relators had no remedy by appeal because the Default Judgment was not final and appealable. *See In re Metcalfe*, 2007 WL 4064, at *2. Additionally, without a final judgment, the equitable remedy of a bill of review is not available to relators. *Id*. Apart from mandamus, relators have no means of obtaining review of the trial court's ruling that it lacks plenary

---

[1] "The Texas Supreme Court has stated that '[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, [the lower court] should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'" *Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (quoting *Va. Indon. Co. v. Harris Cnty. Appraisal Dist*., 910 S.W.2d 905, 911–12 (Tex. 1995). "[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled . . .". *Owens Corning v. Carter*, 997 S.W.2d 560, 571 (Tex. 1999) (quoting *Florida League of Prof'l Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir.1996)).

jurisdiction. Therefore, relators have no adequate remedy by appeal, and mandamus relief is appropriate. *Id.*[2]

## IV. CONCLUSION

The Default Judgment is not a final judgment because the amount it awards as damages cannot be ascertained from either the judgment or the attached Architect's Initial Decision. In fact, it does not appear that the Architect has determined the amount of relators' damages. Thus, the trial court abused its discretion by concluding that it lacked plenary jurisdiction to hear and consider relators' request for an award of damages in a certain amount. We therefore conditionally grant relators' petition for writ of mandamus.

Pursuant to the dispute-resolution provisions of the Contract, relators were required to submit their claim to the "Initial Decision Maker" for an "Initial Decision" concerning the claim. In their reply, relators state "if the Court finds that there is any ambiguity regarding the amount of monetary damages awarded to Relators pursuant to the Initial Decision, then the Court should direct the trial court to remand the Initial Decision to the Architect for clarification." *Stage Stores, Inc. v. Gunnerson*, 477 S.W.3d 848, 856 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (when an arbitrator's award is ambiguous and cannot be enforced, the court

---

[2] *See also In re Villegas,* No. 10-06-00242-CV, 2006 WL 2773459, at *1 (Tex. App.—Waco Sept. 27, 2006, orig. proceeding) (mem. op.) (Gray, C.J., dissenting) ("There is no adequate remedy by appeal if the trial court refuses to rule on a motion because of the belief the judgment is final when, in fact, the judgment is not final").

must remand the award to the arbitrator with instructions to clarify the award). As discussed above, the Architect has not yet determined or stated an award of damages.

We therefore direct the trial court to (1) vacate its Order Denying Hearing on Damages, (2) remand the issue of the amount of relators' damages to the Architect for determination, and (3) conduct a hearing on relators' claim for attorney's fees.

We are confident that the trial court will act in accordance with this opinion. The writ of mandamus will issue only if the trial court fails to do so.

/s/     John Donovan
        Justice

Panel consists of Justices Busby, Donovan and Brown.

12