**Appeal Dismissed and Memorandum Opinion filed October 23, 2018.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-18-00720-CV

---

### LAN NGUYEN AND VAN HONG DO, Appellants

### V.

### AVENTUS INSURANCE COMPANY, Appellee

---

**On Appeal from the Co Civil Ct at Law No 2
Harris County, Texas
Trial Court Cause No. 1100805**

---

## M E M O R A N D U M    O P I N I O N

This is an attempted appeal from two interlocutory orders. Appellee filed a motion to dismiss for lack of jurisdiction. For the reasons below, we grant appellee's motion dismiss the appeal.

On August 10, 2018, appellants filed a notice of appeal from an interlocutory order signed April 2, 2018 granting appellee's plea to the jurisdiction, request for

special exceptions, request for sanctions, and dismissing appellants' claims. The order required appellee to submit evidence of reasonable and necessary attorney's fees within twenty-one days of the signing of the order "for the court to determine the appropriate amount of monetary sanctions, penalties, expenses, and attorney's fees to impose on plaintiffs' counsel." This court issued a notice of intent to dismiss, indicating the record reflected the notice of appeal was untimely. We requested a response on or before September 10, 2018 showing meritorious grounds for continuing the appeal. On September 10, 2018, appellants filed a second notice of appeal. Appellants' second notice of appeal purported to appeal an interlocutory order signed on August 10, 2018 denying appellants' motion to recuse.

Appellee filed a motion to dismiss appeal for want of jurisdiction on September 25, 2018. Appellee contends neither the April 2, 2018 order nor the August 10, 2018 order is appealable and the appeal should be dismissed for lack of jurisdiction.

## I.    The April 2, 2018 Order

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Our jurisdiction to immediately consider appeals from interlocutory orders exists only if a statute explicitly provides appellate jurisdiction. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998). A judgment is interlocutory if the amount awarded cannot be determined. *In re Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). For a judgment to be final, it must be certain, so that it can be enforced by a writ of execution. *Id*.

The April 2, 2018 order decides some issues but leaves the amount of attorney's fees and monetary sanctions to be determined at a future date. It includes

no language constituting a clear expression of judicial intent that the order be considered final and appealable. This order could not be enforced by a writ of execution. The order is, therefore, interlocutory and not subject to appeal. *See id.* at 101 (holding that a judgment is not final where damages have not yet been determined and are not ascertainable).

Further, no statutory exception allows an interlocutory appeal of the April 2, 2018 order. The Texas Civil Practice and Remedies Code allows an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.04(a)(8). Here, however, the movant, Aventus Insurance Company, is not a governmental unit. *See id.* at § 101.001(3). Accordingly, the order granting its jurisdictional plea is not appealable before final judgment. *See Baylor College of Medicine v. Hernandez*, 208 S.W.3d 4, 8 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Additionally, an order sustaining special exception is interlocutory in nature and not appealable before final judgment. *See Harris County Flood Control Dist. v. Adam*, 56 S.W.3d 665, 667 n.8 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Finally, no authority permits an interlocutory appeal of an order granting a motion for sanctions. The propriety of an order awarding sanctions must await a final judgment. *Jacintoport Corp. v. Almanza*, 987 S.W.2d 901, 903 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

## II.    The August 10, 2018 Order

The August 10, 2018 order denied appellants' motion to recuse. Such an order is not subject to interlocutory appeal. The Texas Rules of Civil Procedure provide "an order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a (j)(1)(A); *see In re Hart*, 460 S.W.3d 742, 743 (Tex. App.—Fort Worth 2015, no pet.) (dismissing appeal

from an order denying a motion to recuse when no final judgment existed). As discussed above, our record does not reflect that the trial court has signed a final judgment in this case because the amount of attorney's fees and monetary sanctions remains to be determined.  Thus, the August 10, 2018 order is not appealable at this time.

Accordingly, appellee's motion to dismiss is granted and the appeal is ordered dismissed. Appellants' motion for extension of time to file appellants' brief is denied as moot.

PER CURIAM

Panel consists of Justices Donovan, Wise, and Jewell.