

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00259-CV

_____

CONNECT MGA LLC AND OLD AMERICAN COUNTY MUTUAL FIRE
INSURANCE COMPANY, Appellants

V.

MARGARET WALDROP, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2020-005527-1

---

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Connect MGA LLC and Old American County Mutual Fire Insurance Company appeal from the trial court's "Second Amended Order Granting Plaintiff's Motion for Summary Judgment." In two issues, they argue that the trial court erred by granting Appellee Margaret Waldrop's summary-judgment motion on Waldrop's claims against them. But because the second amended summary-judgment order is neither a final judgment nor an appealable interlocutory order, we lack jurisdiction over this appeal and must dismiss it for want of jurisdiction.

## I. Background

Waldrop was injured in an automobile accident allegedly caused by Sima Moghaddam. At the time of the accident, Moghaddam was covered by an automobile policy issued by Old American and administered by Connect. In settlement of her claims against Moghaddam, Connect, and Old American, Waldrop signed a "Bodily Injury Release" that released her claims against them in exchange for $19,500 "to be paid" to her.

After Connect tendered a check to Waldrop for less than that amount, Waldrop sued Moghaddam, Connect, and Old American for breach of contract and attorney's fees.[1] Connect and Old American answered and counterclaimed for breach

---

[1]According to Connect and Old American, the $19,500 settlement amount included the approximately $13,000 Connect had already paid to Harris Methodist Hospital for Waldrop's medical bills. Waldrop took the position that the release said nothing about an offset or credit for amounts previously paid to her.

of contract, attorney's fees, and specific performance. Despite being served, Moghaddam never answered.

Waldrop moved for summary judgment as a matter of law on her claims. *See* Tex. R. Civ. P. 166a(a), (c). The trial court signed an order granting Waldrop's motion and ordering Connect and Old American to pay Waldrop $19,500 in damages and attorney's fees "[t]o be determined by submission."

Connect and Old American moved to amend the summary-judgment order, pointing out that the order was not a final judgment because it did not dispose of their counterclaims or Waldrop's claims against Moghaddam. Connect and Old American asked the trial court to sign an order that would allow "an interlocutory appeal of [a] controlling question of law [that] would materially advance the ultimate termination of this litigation."

Waldrop nonsuited her claims against Moghaddam. The trial court then signed an "Amended Order Granting Plaintiff's Motion for Summary Judgment," which again ordered Connect and Old American to pay Waldrop $19,500 in damages and attorney's fees "to be determined by submission." The amended summary-judgment order stated that "while this is not a final order, this [c]ourt is permitting an interlocutory appeal on the controlling questions of law" and that "[a]n immediate

appeal may materially advance the ultimate termination of the litigation as this same issue of law will be relevant to the remaining claim and pending counterclaims."[2]

Waldrop subsequently moved to amend the amended summary-judgment order, arguing that the issues pertinent to Connect and Old American's counterclaims were the same as those involved in her claims, which the trial court had ruled on in granting her summary-judgment motion. Waldrop asked the trial court to sign an amended order that was final and appealable.

The trial court signed a second amended order, which

- granted Waldrop's motion;

- denied Connect and Old American's counterclaims;

- ordered Connect and Old American to pay Waldrop $19,500 in damages;

- ordered Connect and Old American "to pay [Waldrop]'s attorney's fees to be determined by submission"; and

- ordered Connect and Old American to pay Waldrop's court costs.

The second amended order stated that "this is a final and appealable [o]rder," immediately followed by the phrase "disposing of all claims of all parties" interlineated by hand. The order further stated that "[a]ll relief not expressly granted is hereby denied." Connect and Old American have appealed from this order.

---

[2]Connect and Old American never filed a petition for permissive interlocutory appeal. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d)–(f); Tex. R. App. P. 28.3; Tex. R. Civ. P. 168.

4

## II. Appellate Jurisdiction

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). Unless a statutory exception applies—and here, none do—an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *See Lehmann*, 39 S.W.3d at 195.

When, as here, there was no conventional trial on the merits, we cannot presume that an order or judgment is final. *Id.* at 199–200. An order or judgment is final and appealable if (1) "it actually disposes of every pending claim and party" or (2) "it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205; *see In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding). Examples of clear and unequivocal finality language include, "This judgment finally disposes of all parties and all claims and is appealable," *Lehmann*, 39 S.W.3d at 206, and "This judgment is final, disposes of all claims and all parties, and is appealable," *Elizondo*, 544 S.W.3d at 825, 827.

## III. Analysis

Although the parties do not argue that the summary-judgment order was not a final, appealable order, we are nevertheless obligated to review sua sponte issues

affecting our jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Here, the summary-judgment order included a finality phrase, but the order left the attorney's-fees amount undetermined because it ordered Connect and Old American "to pay [Waldrop]'s attorney['s] fees to be determined by submission." As a general rule, a judgment that awards a party attorney's fees but fails to specify the amount awarded is not final. *See, e.g., CryoUSA Imp. & Sales, LLC v. Revitalize360, LLC*, No. 05-20-01058-CV, 2022 WL 2037968, at *1 (Tex. App.—Dallas June 7, 2022, no pet.) (mem. op.); *In re Educap, Inc.*, No. 01-12-00546-CV, 2012 WL 3224110, at *3 (Tex. App.—Houston [1st Dist.] Aug. 7, 2012, orig. proceeding) (mem. op.); *Chado v. PNL Blackacre, L.P.*, No. 05-04-00312-CV, 2005 WL 428824, at *1 (Tex. App.—Dallas Feb. 24, 2005, no pet.) (mem. op.).

Because the summary-judgment order included language that appeared to directly contradict the order's finality phrase, we were concerned that the order was not in fact final and that we thus lacked jurisdiction over this appeal. We notified the parties of this concern and asked them to submit letter briefs addressing the finality issue.

Connect and Old American filed a letter brief arguing that, despite the order's leaving the attorney's-fees amount undetermined, the order's statement that "this is a

final and appealable [o]rder, disposing of all claims of all parties" was a clear and unequivocal statement of finality and thus rendered the judgment final.[3] We disagree.

Although the summary-judgment order here contains a finality phrase, that language does not clearly and unequivocally dispose of all parties and all claims in the case because on its face the order states that the amount of Waldrop's attorney's fees will be determined by submission. *See Lehmann*, 39 S.W.3d at 192–93 (holding "that in cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it *states with unmistakable clarity* that it is a final judgment as to all claims and all parties" (emphasis added)). In other words, the order's plain language contemplates future action by the trial court—determining the amount of attorney's fees to be awarded Waldrop—which directly contradicts the order's declaration that it disposes of "all claims of all parties." Because of this facial contradiction, the summary-judgment order does not clearly and unequivocally finally dispose of all claims and all parties.[4]

---

[3]Despite our request that the parties file letter briefs discussing our jurisdictional concerns, Waldrop did not file one.

[4]We recognize that *Elizondo* makes clear *Lehmann*'s rigid, bright-line rule: an order or judgment is final if it clearly and unequivocally states that it is. *See Elizondo*, 544 S.W.3d at 828 ("*Lehmann*'s test holds that an order is final if it 'states' that it is— not if the court intends it to be." (citing *Lehmann*, 39 S.W.3d at 205)). But neither *Lehmann* nor *Elizondo* involved an order with language within the order itself that

When, as here, an order does not clearly and unequivocally state that it finally disposes of all claims and all parties—not least because it expressly leaves one claim for future determination—the order must actually dispose of all parties and all issues to be final. *See Elizondo*, 544 S.W.3d at 827–28; *Lehmann*, 39 S.W.3d at 205. When necessary, we review the record to make this determination. *See Elizondo*, 544 S.W.3d at 827–28; *Lehmann*, 39 S.W.3d at 205–06. As noted, the summary-judgment order

---

directly contradicted the order's finality language, thus rendering that language unclear and equivocal. As this court has stated when addressing the issue of finality,

> When a trial court adheres to *Lehmann* and includes finality language, it is incumbent upon the trial court to ensure that the finality language actually applies. Including language that directly contradicts finality . . . leaves the litigants in no better place than did a Mother Hubbard clause. Finality, and therefore appealability, is unclear and uncertain.

*In re A.S.*, No. 02-18-00400-CV, 2019 WL 5996981, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.) (footnote omitted).

Further, to be final, a judgment must not only dispose of all claims and all parties, but it must be sufficiently definite and certain to define the parties' rights. *See, e.g.*, *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985); *Int'l Sec. Life Ins. Co. v. Spray*, 468 S.W.2d 347, 350 (Tex. 1971). At least two of our sister courts have not interpreted *Lehmann* as overruling or creating an exception to the rule that a judgment must be definite and certain to be final. *See In re Blankenhagen*, 513 S.W.3d 97, 101–02 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]) (holding judgment containing *Lehmann* finality language but awarding a yet-to-be-determined and unascertainable damages amount was not final, noting that "*Lehmann* did not involve a judgment awarding an unascertainable amount or address whether such a judgment is made final by a clear statement that it finally disposes of all claims and all parties"); *see also CryoUSA Imp. & Sales*, 2022 WL 2037968, at *1 (relying on *Blankenhagen* to hold that judgment containing *Lehmann* finality language and awarding appellee "[r]easonable and necessary attorney's fees in an amount to be determined" was not final).

8

explicitly leaves the attorney's-fees-award amount undetermined and thus does not dispose of Waldrop's attorney's-fees claim. We have examined the record, and the amount of Waldrop's claimed attorney's fees has not been submitted to the trial court, much less determined. The summary-judgment order is thus not final.

## IV. Conclusion

Because the summary-judgment order is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 5, 2023