

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00497-CV

**IN RE** Paty **MCDERMOTT**

Original Mandamus Proceeding[1]

Opinion by:    Beth Watkins, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: February 15, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

This original proceeding involves two orders. In the first order, the trial court granted summary judgment in favor of real party in interest James McDermott. In the second order, signed nine months after the first, the trial court concluded that its prior summary judgment order was a final, appealable judgment. We conclude the first order—the summary judgment—was not a final judgment. Therefore, we conditionally grant Paty's petition for writ of mandamus.

### BACKGROUND

James and Paty married and subsequently divorced. Following their divorce, they resumed living together and entered into a nonmarital domestic partnership agreement (the Agreement). Among other things, the Agreement set a compensation schedule for Paty's benefit. An exception

---

[1] This proceeding arises out of Cause No. 2021CI09758, styled *James William McDermott v. Paty McDermott*, pending in the 166th Judicial District Court, Bexar County, Texas. The Honorable Martha Tanner signed the orders at issue in this proceeding.

to the compensation schedule states "Paty is to make no contact with any family, coworkers or friends of James. If [Paty] deliberately makes contact with any of the above persons, the entirety of [the compensation schedule] is null and void." The Agreement noted that incidental or accidental contact with James's family, coworkers, or friends did not render the compensation schedule null and void.

Approximately one year after the parties executed the Agreement, the San Antonio Police Department was called to James's residence after an altercation between Paty and another woman. James then filed the underlying lawsuit alleging that Paty's contact with the woman voided the compensation schedule. James sought injunctive relief, declaratory relief, actual damages, pre- and post-judgment interest, attorney's fees, and court costs.

James moved for summary judgment on his declaratory judgment claim. In his motion, James argued Paty violated the Agreement by "deliberately contacting" the woman at James's residence. James asked the trial court to declare the compensation schedule null and void and to award him "such other and further relief to which [he] may be justly entitled." Paty did not file a response to James's motion. On September 22, 2021, the trial court granted James's motion for summary judgment and declared the compensation schedule in the Agreement null and void (the summary judgment).

Six months later, on March 23, 2022, Paty filed a motion for reconsideration of the summary judgment.[2] James responded that the summary judgment was a final order and the trial court, therefore, lacked plenary power to reconsider its ruling. The trial court agreed with James. On July 7, 2022, it signed an Order on Finality of Summary Judgment finding that the summary

---

[2] On the same day, Paty filed a first supplemental answer, several counterclaims, and a motion to consolidate this case with an eviction case between the parties.

judgment was a "final disposition of the case" and concluding that the trial court lacked plenary power to consider the merits of Paty's motion for reconsideration.

Paty filed a petition for writ of mandamus challenging the Order on Finality of Summary Judgment. This court invited responses from the trial court and James. Only James filed a response.

**ANALYSIS**

*Standard of Review*

"Mandamus is an extraordinary proceeding, encompassing an extraordinary remedy." *Deloitte & Touche, LLP v. Fourteenth Ct. of Appeals*, 951 S.W.2d 394, 396 (Tex. 1997) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). A writ of mandamus may issue if a relator establishes both that the trial court abused its discretion, and that it lacks an adequate appellate remedy. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding). A trial court's failure to correctly analyze or apply the law is an abuse of discretion. *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding). "Mandamus relief is proper when a trial court erroneously holds that its plenary power has expired, particularly when the trial court fails to recognize that an order is interlocutory rather than final." *In re Wilmington Tr., Nat'l Ass'n*, 524 S.W.3d 790, 791 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

*Applicable Law*

Generally, orders rendered after a conventional trial on the merits are presumed final. *See Vaughn v. Drennon*, 324 S.W.3d 560, 562 (Tex. 2010) (per curiam). However, this presumption of finality does not apply to summary judgments. *See Scott v. Poindexter*, 53 S.W.3d 28, 32 (Tex. App.—San Antonio 2001, pet. denied). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every

pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001).

"Although no 'magic' language is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (per curiam) (citing *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019)). If a trial court's order states that it is final, that it is appealable, and that it disposes of all parties and claims, then those recitations of finality must be accepted at face value and without reference to the record. *See id.*; *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (per curiam). However, if "an order's finality is not clear and unequivocal, then a reviewing court must examine the record to determine whether the trial court intended the order to be final." *In re R.R.K.*, 590 S.W.3d at 540.

*Application*

Paty argues the summary judgment did not dispose of all the parties' claims and did not contain any indication of finality. Paty maintains that because the order is not final on its face, and because the summary judgment disposes only of James's declaratory judgment claim, the trial court abused its discretion by finding the summary judgment to be a final judgment. In response, James contends the summary judgment is final because he moved for summary judgment on his sole independent claim—his request for declaratory relief.[3]

The summary judgment is not final on its face; that is, it does not recite that it is final, that it is appealable, and that it disposes of all claims between James and Paty. *See Bella Palma*, 601

---

[3] James also argues that he has waived the claims not disposed of by the summary judgment. Our record contains no indication that James obtained a nonsuit or amended his petition to abandon the unresolved claims. And any purported "waiver" could convert a partial summary judgment into a final, appealable judgment only after the date all parties and all claims were actually disposed of. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) (finding nonsuit of remaining claims converted partial summary judgment into final, appealable judgment only after trial court signed dismissal order).

S.W.3d at 801. But it does provide that James "shall have all such writs and other process as may be necessary for the enforcement of this Judgment for which execution issues." James asserts this language demonstrates the trial court's intent that the summary judgment was final. As a preliminary matter, "enforceable" does not necessarily mean "appealable"—if it did, every enforceable interlocutory order would be immediately appealable, which is not the law in Texas. *See, e.g.*, *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019) (explaining why appeals generally "may be taken only from final judgments"). And more importantly, we do not believe this language, standing alone, constitutes an unequivocal expression of finality. *Cf. In re Estate of Brazda*, 582 S.W.3d 717, 729 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (opining existence of right to writ execution, in addition to other factors, may be "some indication that the trial court intended" order to be final).

Because the summary judgment was not unequivocally final on its face, we look to the record to determine the trial court's intent. *See In re R.R.K.*, 590 S.W.3d at 544 (reviewing record to determine finality). In his live petition in the underlying suit, in addition to declaratory relief, James sought injunctive relief, actual damages, pre- and post-judgment interest, attorney's fees, and court costs. Specifically, James sought "monetary relief of $100,000.00 or less." Apart from his declaratory judgment action, the summary judgment did not dispose of any of James's other claims or requests for relief. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (holding declaratory judgment was not final where it did not address claim for attorney's fees); *In re Bros. Oil & Equip., Inc.*, No. 03-17-00349-CV, 2017 WL 3902617, at *3 (Tex. App.—Austin Aug. 22, 2017, orig. proceeding) (mem. op.). Furthermore, while the summary judgment references damages, it finds "any damages are unliquidated" but does not determine the amount. *See In re Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (noting general rule that judgment is interlocutory, rather than final, if amount of

damages cannot be ascertained). Likewise, it does not award attorney's fees or assess costs. *See McNally*, 52 S.W.3d at 196; *cf. Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 739 (Tex. App.—San Antonio 2005, no pet.).

Because the summary judgment was not final on its face and the record does not show that on September 22, 2021, the trial court intended to render a final judgment, we hold the summary judgment was interlocutory. *See In re R.R.K.*, 590 S.W.3d at 538. The trial court abused its discretion by concluding otherwise in its subsequent order. *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d at 483 (noting failure to correctly analyze or apply law constitutes abuse of discretion).

We also conclude Paty lacks an adequate remedy on appeal. *See Blankenhagen*, 513 S.W.3d at 102 ("Apart from mandamus, relators have no means of obtaining review of the trial court's ruling that it lacks plenary jurisdiction."). "An order must be read in light of the importance of preserving a party's right to appeal." *Lehmann*, 39 S.W.3d at 206. As the Texas Supreme Court has recognized, "[s]implicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal." *Id*. at 205.

Here, nine months after signing the summary judgment, the trial court affirmatively declared for the first time that it believed the order was final. The trial court disclaimed its plenary power after the deadlines for Paty to appeal had passed, and it did so based on an order that was not final on its face and on a record that does not support finality. If allowed to stand, this finding would leave the summary judgment, essentially, unreviewable. This factual scenario is therefore distinguishable from *Bella Palma*, where the order was titled "Final Judgment," it contained a Mother Hubbard clause ("All relief not granted herein is denied"), and explicitly recited that it was a final judgment. *See Bella Palma*, 601 S.W.3d at 800. Furthermore, the *Bella Palma* judgment-debtor had an indication that the judgment may be final—he appealed it. *See id*. Granting

mandamus relief here is consistent with the Supreme Court's instruction that litigants should be able to calculate appellate timetables with certainty so they do not inadvertently lose the ability to seek appellate review. *See id.* at 802 (recognizing importance of leaving no doubt about finality); *see also Lehmann*, 601 S.W.3d at 802. After all, "[i]f the final judgment is deficient, the remedy comes by appeal, not by the deprivation of appellate jurisdiction." *Id*.

## CONCLUSION

We conditionally grant Paty's petition for writ of mandamus and direct the trial court to vacate its July 7, 2022 Order on Finality of Summary Judgment within fifteen days. The writ will issue only if the trial court fails to comply.

Beth Watkins, Justice