Opinion issued July 18, 2024



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00487-CV

———————————

**PAUL WRIGHT AND THERESA WRIGHT, Appellants**

**V.**

**BRANDON LIMING AND JENNA LIMING, Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-19746**

---

## O P I N I O N

Paul and Theresa Wright appeal the trial court's judgment awarding their neighbors, Brandon and Jenna Liming, attorney's fees in this real property dispute. After a bench trial, the trial court signed two judgments—both labeled "final"—three months apart. The first judgment ordered that the Limings recover attorney's

fees "for an amount to be determined during a separate hearing on a date and time noticed by [their] counsel." But it also included finality language disposing of "all parties and all claims" and stating it was "appealable." After three hearings, the trial court signed a second judgment specifying the amount of attorney's fees. On appeal, the Wrights contend the second judgment is void because (1) the first judgment was final and plenary power expired before the trial court signed the second judgment, (2) the second judgment is not a proper *nunc pro tunc* judgment, (3) the second judgment does not enforce the first judgment, and (4) there can be only one final judgment.

Because we conclude the first judgment was interlocutory and the second judgment is final, we affirm.

**Background**

The Limings and the Wrights had a dispute over physical access to a strip of land along their adjoining properties. The Limings alleged that the Wrights used a "driveway" on the Limings' property as a turnaround for the Wrights' commercial vehicles and to access a rear residence located on the Wrights' property. They also alleged that they could not begin construction of their home or install fencing because of the Wrights' "intrusions and refusal to remove vehicles and trailers from [their] property."

2

The Limings sued. Among other things, they asked the trial court to declare that the Wrights have no right to access the property and to enjoin them from trespassing or making any claim of interest or right in the property. The Limings also asked for attorney's fees under the Declaratory Judgments Act and the Fraudulent Lien or Claims Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 12.001–.007, 37.001–.009. The Wrights counterclaimed, seeking a judgment declaring that they had a valid and enforceable easement and awarding them attorney's fees.

The trial court held a one-day bench trial. Neither party requested a transcript, but the record reflects that the Limings submitted 79 pages of invoices to support their claim for attorney's fees. The Wrights did not object.

On March 13, 2023, the trial court signed its First Judgment, ordering that the Limings own the disputed property, that no valid easement exists for the Wrights, and that the Wrights take nothing on their declaratory judgment counterclaim. The First Judgment also awarded the Limings attorney's fees for an amount to be determined in a separate hearing:

> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that [the Limings] shall have and recover from [the Wrights] their attorney's fees for the trial of this cause for an amount to be determined during a separate hearing on a date and time noticed by [the Limings'] counsel.

> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that [the Limings] recover from the [Wrights] interest on the sum awarded in this paragraph beginning on the date of this Final Judgment at the rate of 5.00% per annum, compounded annually, for which let execution issue.

3

The First Judgment was titled "final" and included this finality language:

> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that all writs to enforce this Final Judgment shall issue.
>
> Any other and further relief requested by a party to this action that is not expressly given in this Final Judgment is denied. This Final Judgment finally disposes of all parties and all claims and is appealable.

Neither side filed post-judgment motions or a notice of appeal challenging the First Judgment.

In May and June, the trial court conducted three hearings to determine the amount of the Limings' attorney's fees. During the first hearing, the Wrights objected that the First Judgment was final and that the trial court no longer had plenary power to award attorney's fees. They pointed out that 30 days had passed since the trial court signed the First Judgment and no plenary-power-extending motions had been filed. They argued that because the trial court had not determined the amount of attorney's fees before signing the First Judgment, or within 30 days, the trial court could no longer "take judicial actions . . . to change the relief that's already been granted." According to the Wrights, determining the amount of attorney's fees was a prohibited judicial action.

The Limings responded that the trial court had awarded attorney's fees in the First Judgment, their evidence was admitted during trial without objection, and they were "not coming back and asking for relief that wasn't already granted." The trial

4

court agreed with the Limings but reset the matter for a second hearing so the parties could brief the plenary power issue.

At the second fees hearing, the trial court overruled the Wrights' plenary power objection. A dispute arose over redaction and segregation of the attorney's fees proof, and the issue was reset for a third hearing. During the third hearing, the trial court again overruled the Wrights' plenary power objection, concluding that it had plenary power "to consider or sign an order regarding attorney's fees."

On June 27, 2023, the trial court signed its Second Judgment awarding nearly identical relief, but specifying the amount of attorney's fees:

> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that [the Limings] shall have and recover from [the Wrights] *their attorney's fees for the trial of this cause in the sum of thirty-nine thousand, five hundred and eighty-two dollars and nine cents ($39,582.09)* for which let execution issue. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that [the Limings] recover from [the Wrights] interest on the sum awarded in this paragraph beginning on the date of this Final Judgment at the rate of 5.00% per annum, compounded annually, for which let execution issue.

(italics added.) The Second Judgment was also titled "final" and included identical finality language.

Again, neither side filed any post-judgment motions. Instead, the Wrights appealed, contending that the Limings are not entitled to attorney's fees.

**Trial Court's Jurisdiction to Enter the Second Judgment**

A trial court retains plenary power over a case for 30 days after it signs a final judgment, which includes the power to vacate, modify, correct, or reform its final judgment. TEX. R. CIV. P. 329b(d). Plenary power can be extended up to 75 days when a party timely files an appropriate post-judgment motion. *See* TEX. R. CIV. P. 329b(c); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Action taken after the trial court's plenary power has expired is void. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995) ("A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court.").

Whether the trial court acted after its plenary power expired is a question of subject-matter jurisdiction that we review de novo. *In re Guardianship of Semrad*, No. 01-21-00491-CV, 2023 WL 5534251, at *7 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op.) (citing *Est. of Brazda*, 582 S.W.3d 717, 731 (Tex. App.—Houston [1st Dist.] 2019, no pet.)).

## A. Applicable law

There can be only one final judgment in this cause. *See* TEX. R. CIV. P. 301. "In determining whether a judgment is final, different presumptions apply depending on whether the judgment follows a conventional trial on the merits or results from

default or a motion for summary judgment." *Hous. Health Clubs, Inc. v. First Ct. of Appeals*, 722 S.W.2d 692, 693 (Tex. 1986) (per curiam).

Under the *Aldridge* presumption, a judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal and disposes of all parties and issues unless the trial court ordered a separate trial to resolve a specific issue. *Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966); *see* TEX. R. CIV. P. 174(b) (permitting trial courts to "order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues" to further convenience or avoid prejudice). Absent a contrary showing in the record, a judgment that follows a conventional trial on the merits does not need to dispose of every party or claim for the *Aldridge* presumption to apply. *Vaughn v. Drennon*, 324 S.W.3d 560, 561 (Tex. 2010) (per curiam) (citing *Aldridge*, 400 S.W.2d at 897–98). If a court has dismissed all the other claims in a case but one, the order determining the last claim is final. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

Mother Hubbard clauses—clauses stating that "all relief not granted is denied"—are weighed differently depending on whether the clause is included in a judgment following a conventional trial. *See id.* at 204. "If there has been a full trial on the merits either to the bench or before a jury, the language indicates the court's

intention to finally dispose of the entire matter, assuming that a separate or bifurcated trial is not ordered." *Id.*

**B.     Analysis**

In their first issue, the Wrights argue that the First Judgment is final because it "disposes of every pending claim and party" and "clearly and unequivocally states that it finally disposes of all claims and parties," despite it ordering a future hearing to calculate the awarded attorney's fees. They argue that because the First Judgment was final, and neither side filed post-judgment motions to extend the plenary period, the trial court's plenary power expired before it signed the Second Judgment, making the Second Judgment void.

**1.     Finality under *Aldridge*.**

Here, even though the First Judgment followed a conventional trial on the merits, it contains language rebutting the *Aldridge* finality presumption. *Vaughn*, 324 S.W.3d at 563 (stating that presumption of finality applies "unless a trial court orders a separate trial to resolve a specific issue"); *Aldridge*, 400 S.W.2d at 898 (presuming judgment following trial on merits is final "in the absence of a contrary showing in the record"). The First Judgment awarded the Limings attorney's fees but expressly reserved, for future consideration, the calculation of the amount of fees. That is, the First Judgment ordered that the Limings "shall have and recover from [the Wrights] their attorney's fees for the trial of this cause for an amount to be

8

determined during a separate hearing on a date and time noticed by [the Limings']
counsel." "A claim for attorney's fees necessarily implies the existence of a separate
cause of action requiring disposition by the court." *Infonova Sols., Inc. v. Griggs*, 82
S.W.3d 613, 616 (Tex. App.—San Antonio 2002, no pet.) (citing *Travelers Indem.
Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996)).

The First Judgment's language thus reflects the trial court's intention to
conduct a separate hearing, on a date and time noticed by plaintiff's counsel, to
resolve the specific issue of calculating attorney's fees. Because the trial court
ordered a separate hearing to resolve the specific issue of the amount of the Limings'
attorney's fees, the *Aldridge* finality presumption is rebutted. *Id.*; *see also Vaughn*,
324 S.W.3d at 563; *Aldridge*, 400 S.W.2d at 898.

### 2.  Finality under Mother Hubbard.

We next analyze whether the First Judgment is final because a Mother
Hubbard clause negated the trial court's order for a separate hearing to calculate the
attorney's fees it awarded. We conclude it is not.

The Mother Hubbard clause in the First Judgment reads:

> Any other and further relief requested by a party to this action that is
> not expressly given in this Final Judgment is denied. This final
> judgment finally disposes of all parties and all claims and is appealable.

The Wrights contend that, under *Patel* and *Lehmann*, this language makes the First
Judgment final. *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 155 (Tex.

9

2023) (per curiam); *see also Lehmann*, 39 S.W.3d at 204.

Both *Patel* and *Lehmann* analyzed judgments that did not result from a conventional trial on the merits. *Patel*, 661 S.W.3d at 154 (assuming the disputed judgment "did not follow a comprehensive arbitration equivalent to a conventional trial on the merits"); *Lehmann*, 39 S.W.3d at 192 (analyzing the finality of a judgment rendered without a conventional trial). Neither case specifically analyzed Mother Hubbard clauses where a trial court simultaneously awarded relief, ordered the relief to be calculated at a future hearing, and erroneously included a Mother Hubbard clause. *See Patel*, 661 S.W.3d at 154; *see also Lehmann*, 39 S.W.3d at 194.

Still, *Lehmann* guides us in weighing the First Judgment's Mother Hubbard clause. After a conventional trial, the inclusion of this language indicates "the court's intention to finally dispose of the entire matter, *assuming that a separate or bifurcated trial is not ordered*." *Lehmann*, 39 S.W.3d at 204 (emphasis added). Therefore, the presumption of finality traditionally associated with Mother Hubbard clauses in judgments following a conventional trial on the merits only applies in the absence of a contrary showing in the record. *Aldridge*, 400 S.W.2d at 898 ("The rule announced disposes of the question to be decided in this case unless the statement contained in the court's summary judgment is regarded as an order for a separate trial of the issue of damages."); *see also Exxon Corp. v. Garza*, 981 S.W.2d 415, 419

10

(Tex. App.—San Antonio 1998, pet. denied) ("This presumption only applies, however, in the absence of a contrary showing in the record.").

Reading the body of the First Judgment, we conclude that its purpose was to order a second hearing to calculate the awarded amount of attorney's fees. Since the trial court ordered a separate hearing to calculate the relief it awarded, the presumption of finality traditionally attributed to Mother Hubbard clauses after a conventional trial on the merits does not apply in this limited scenario. That the First Judgment is titled "final" does not compel a different conclusion. *Lehmann*, 39 S.W.3d at 200 ("It is not enough, of course, that the order or judgment merely use the word final." (internal quotations omitted)).

### 3. Trial court's intent from the decree.

Having overcome the *Aldridge* and Mother Hubbard presumptions of finality, we now analyze the trial court's intent. *See Vaughn*, 324 S.W.3d at 561. Questions of "[f]inality must be resolved by a determination of the intention of the court [as] gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Id.* at 563 (citing *Lehmann*, 39. S.W.3d at 203).

Here, while the First Judgment awards attorney's fees and orders the fees to be calculated in a separate hearing, the judgment also includes a Mother Hubbard clause stating that the judgment "finally disposes of all parties and all claims and is

appealable." But the First Judgment did not *actually* dispose of the Limings' claim for attorney's fees. The First Judgment ordered that the amount of awarded attorney's fees would be "determined during a separate hearing on a date and time noticed by plaintiff's counsel." Guided by *Vaughn* and the parameters set in *Aldridge* and *Lehmann*, we hold that the First Judgment, on its face, shows the trial court's intention to not completely dispose of the entire case and resolve the amount of fees at a future hearing. *See id.*; *see also Aldridge*, 400 S.W.2d at 897–98; *Lehmann*, 39. S.W.3d at 203.

Because the trial court's intent that the First Judgment not be final is clear from the face of the decree, analyzing the record or the parties' conduct is not necessary. *Vaughn*, 324 S.W.3d at 563 (citing *Lehmann*, 39 S.W.3d at 203). We conclude that the trial court intended the First Judgment to be interlocutory.

### 4. Enforceability of final judgments.

Our conclusion is supported by analyzing the enforceability of the First Judgment.

A final judgment must dispose of all parties and issues in a lawsuit and "be certain, so that it can be enforced by writ of execution." *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 680 (Tex. App.—Corpus Christi–Edinburg 1991, writ denied) (citing *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex. 1982)). A judgment that awards an unascertainable amount is interlocutory. *In re*

*Blankenhagen*, 513 S.W.3d 97, 100 (Tex. App.—Houston [14th Dist.] 2016, pet. dism'd); *In re Educap, Inc.*, No. 01-12-00546-CV, 2012 WL 3224110, at *3 (Tex. App.—Houston [1st Dist.] Aug. 7, 2012, no pet.) (mem. op.). For a judgment to be final, "[m]inisterial officers must be able to carry the judgment into execution without ascertainment of additional facts." *In re Blankenhagen*, 513 S.W.3d at 100. (citing *Bay*, 808 S.W.2d at 680).

The First Judgment awarded attorney's fees but did not specify the amount; instead, it ordered that the amount be calculated during a separate hearing. The First Judgment thus awards "an unascertainable amount" of attorney's fees and cannot be enforced without an officer ascertaining additional facts. Accordingly, the First Judgment cannot be final and is interlocutory. *See id.*

### 5. Plenary power.

Concluding that the First Judgment is interlocutory, we hold that the trial court had plenary power to sign the Second Judgment and it is not void.

The First Judgment did not dispose of all claims in the case and was thus not enforceable. Because the First Judgment was interlocutory, the trial court's plenary power did not expire on April 12, 2023, as the Wrights contend. The trial court still had plenary power to enter the Second Judgment awarding the Limings $39,582.09 in attorney's fees and thus the Second Judgment is not void. *See Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (per curiam) (holding summary judgment

13

was interlocutory because intervenor's claim for attorney's fees remained pending); *see also Garza*, 981 S.W.2d at 419–20 (holding first of two judgments signed after trial was not final despite Mother Hubbard clause because it "contained no indication that the trial court intended to disregard the jury's verdict"); *see also Brower v. Hearn*, No. 14-07-00967-CV, 2009 WL 10220174, at *2 (Tex. App.—Houston [14th Dist.] Feb. 10, 2009, no pet.) (mem. op.) (concluding order was not final because it "specifically noted that appellees might be entitled to reasonable attorneys' fees in an amount to be determined at a subsequent hearing").

We overrule the Wrights' first issue.

### 6. "One Judgment Rule" per Texas Rule of Civil Procedure 301.

In the Wrights' fourth issue, they argue the Second Judgment is void because "it constituted the second final judgment signed by the trial court in the same lawsuit, with no vacating of the first final judgment occurring during the trial court's plenary power, therefore violating the One Judgment Rule." But this argument hinges on the Wrights' assertion that the First Judgment was final, which we have rejected. *See Garza*, 981 S.W.2d at 419.

Again, to be final, a judgment must dispose of all parties and issues. *Aldridge*, 400 S.W.2d at 895 ("[A]n appeal may be prosecuted only from a final judgment and that to be final a judgment must dispose of all issues and parties in a case."). Because the First Judgment, properly construed, did not dispose of all claims and was not

14

enforceable, it was interlocutory. *Id.* Accordingly, the Second Judgment disposing of the remaining claim for attorney's fees is not a nullity and does not violate the "One Judgment" Rule. *See Garza*, 981 S.W.2d at 420. Upon signing the Second Judgment, any prior interlocutory orders, including the First Judgment, "merged into it, creating only one final and appealable judgment." *Id.* (citing *Woosley v. Smith*, 925 S.W.2d 84, 87 (Tex. App.—San Antonio 1996, no writ)); *see also In re Guardianship of Miller*, 299 S.W.3d 179, 184 (Tex. App.—Dallas 2009, no pet.) ("Once the trial court disposes of all parties and claims, the trial court's preceding interlocutory judgments and orders are merged into the final judgment whether or not the interlocutory judgments or orders are specifically named within the final judgment.").

Concluding that the First Judgment is interlocutory, we hold the Second Judgment does not violate Texas Rule of Civil Procedure 301.

We overrule the Wrights' fourth issue.[1]

---

[1] Because we conclude the Second Judgment is the final judgment, we need not reach the Wrights' second and third issues challenging it as an improper *nunc pro tunc* judgment or enforcement action. *See* TEX. R. APP. P. 47.1.

## Conclusion

Having concluded that the Second Judgment is the trial court's final judgment and not void, we affirm the Second Judgment.


Sarah Beth Landau
Justice

Panel consists of Justices Landau, Countiss, and Guerra.