

# NUMBER 13-25-00342-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**CITY OF PALMHURST,**             **Appellant,**

v.

**GUADALUPE SALAS GARCIA,
INDIVIDUALLY AND AS DEPENDENT
ADMINISTRATOR OF THE ESTATE OF
JOSE GUADALUPE SALAS ROBLEDO;
ARIEL SALAS SALDAÑA;
ARNOLDO SALAS SALDAÑA;
ROSA SALAS SALDAÑA;
JOSE CRUZ SALAS SALDAÑA;
ABELARDO SALAS SALDAÑA;
AMELIA ZORAYA SALAS SALDAÑA;
JUANITA YESENIA SALAS SALDAÑA;
ROBERTO CARLOS SALAS SALDAÑA;
AND LUIS ALBERTO SALAS SALDAÑA,**       **Appellees.**

---

## ON APPEAL FROM THE 476TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron**

This matter is before the Court on a joint motion to set aside the trial court's judgment. *See* TEX. R. APP. P. 42.1(a)(2)(B). The parties have informed the Court that they have compromised and settled the matter. They now request we set aside the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with their agreement. *See id.* (allowing this Court to set aside the trial court's judgment without regard to the merits and remand the case for rendition of judgment in accordance with the parties' agreement).

On July 30, 2024, Guadalupe Salas Garcia, individually and as personal representative of the estate of Jose Guadalupe Salas Robledo; Ariel Salas Saldaña; Arnoldo Salas Saldaña; Rosa Iselda Salas Saldaña; Jose Cruz Salas Saldaña; Abelardo Salas Saldaña; Luis Alberto Salas Saldaña; Amelia Zoraya Salas Saldaña; Juanita Yesenia Saldaña; and Roberto Carlos Salas Saldaña sued appellant, the City of Palmhurst, for negligence and sought damages. A jury trial was later held but the trial court did not include any damages questions for Luis or Roberto in the charge. Ultimately, the jury awarded damages to the other plaintiffs, and the trial court rendered judgment on May 28, 2025, based on the jury's verdict. In the judgment, "[p]ro se plaintiffs,"[1] Luis and Roberto, were noted as having been notified of the trial setting but

---

[1] We observe a "court entr[y]" made on December 12, 2024, in the clerk's record that appears to indicate that a motion to withdraw was heard concerning Luis Alberto Salas Saldaña and Roberto Carlos Salas Saldaña, but the reporter's record of this hearing is not before us. Thus, apart from noting our observation, we do not otherwise consider it for this memorandum opinion. Additionally, we observe a

failing to appear. However, apart from that, the judgment does not otherwise explicitly dispose of Luis's or Roberto's claims nor sever them.

Although no party asserts that the judgment was not final and appealable, we are obligated to review sua sponte issues affecting our jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). The general rule is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A trial court's judgment, issued after a conventional trial on the merits, need not expressly dispose of all issues and claims in order to be final. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966). Thus, "unless a trial court orders a separate trial to resolve a specific issue, there is a presumption that the trial court's judgment disposes of all claims and issues in the case." *Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (per curiam).

Applying the *Aldridge* presumption, we conclude that the May 28, 2025 judgment was final and appealable because it reflects that it followed a conventional trial, and the record does not show that the trial court severed Luis or Roberto's claims. *See Aldridge*, 400 S.W.2d at 897–98; *Vaughn*, 324 S.W.3d at 563. Additionally, the trial court did not submit any damages questions for Luis or Roberto to the jury for its consideration. *See Moritz v. Preiss*, 121 S.W.3d 715, 719 (Tex. 2003) (concluding original judgment was final after reasoning, among other things, that the "trial court did not submit CTKA's liability to the jury"). Further, the parties have not asserted otherwise. *See Vaughn*, 324 S.W.3d at 563.

---

motion to withdraw filed on August 9, 2023, concerning Luis Alberto Salas Saldaña and Roberto Carlos Salas Saldaña, together with an order granting said motion entered on September 1, 2023, but the order preceded the fourth amended petition in which Luis and Roberto are listed as parties.

Therefore, having determined that we have jurisdiction over this appeal, we grant the joint motion, vacate the trial court's final judgment entered in C-4263-21-M, and remand the appeal for rendition of judgment in accordance with the parties' agreement. Additionally, costs are taxed against the party incurring the same, in accordance with the joint motion and the parties' agreement.

JENNY CRON
Justice

Delivered and filed on the
30th day of October, 2025.